**Jerome HARRIS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 14-87-085-CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

Aug. 6, 1987.

Gerson D. Bloom, Galveston, for appellant.

Michael J. Guarino, Dist. Atty., Susan W. Burris, Asst. Dist. Atty., Galveston, for appellee.

Before J. CURTISS BROWN, C.J., and ROBERTSON and CANNON, JJ.

OPINION

CANNON, Justice.

This is an appeal from a conviction for burglary of a habitation, enhanced by one prior felony, for which the jury assessed punishment at twenty-seven years confinement in the Texas Department of Corrections. In two points of error appellant complains about admission of hearsay testimony over his objection and about oral communications between the court and the jurors. We find no reversible error and, accordingly, affirm the judgment of the court below.

In point of error one, appellant complains that the trial court communicated orally with a juror after deliberations had begun. He maintains that this communication was in direct violation of Tex.Code Crim.Proc. Ann. art. 36.27 (Vernon 1981) and, thus, constitutes reversible error. We disagree.

■ Article 36.27 requires that any communication between the court and the jurors be written. However, a bill of exception or an objection in the record is necessary to preserve error regarding the court's communications with the jury during its deliberations. *Verret v. State,* 470

8. Neither Kelley, McCoy Construction, George McCoy, nor Johnny McCoy pleaded for either a   set-off or contribution.

S.W.2d 883, 887 (Tex.Crim.App.1971). *See also Archie v. State*, 615 S.W.2d 762, 765 (Tex.Crim.App.1981). Here, appellant made no objection or bill of exception to the court's oral communications with the jury. Error was not preserved. Point of error one is overruled.

In point of error two, appellant argues that the trial court improperly admitted the hearsay testimony of two witnesses, Landrus Stevens, Jr. (Stevens) and Judy Martin (Martin). He contends that the testimony did not fall within the res gestae exception to the hearsay rule. He directs this court to the following testimony by Martin:

Q. What did Mamie say when she came up to the door?

A. She asked for Landrus.

Q. Okay. But did she say anything else?

A. She said that, "Somebody run around the house with your radio," is what she said at first, and he told her, "Don't nobody have my radio," and I went, looked in the bedroom, and it was missing, and bedroom window was up, and screen was off.

. . . . .

Q. Okay. What else did she say about that?

A. She told him who it were. She said his name wee [sic] Gerome [sic] Harris, and she told him where he worked at, and everything.

Appellant also directs the court's attention to the following testimony by Stevens:

Q. Anything else unusual happen that night?

A. Yes. When we was having an argument, when we finished the argument, we went to the front, and some neighbors was knocking on the door to tell me someone was running away—

APPELLANT: Object to anything anyone would say they told him.

THE COURT: I would sustain the objection, except as to res gestae.

We find that appellant's objection to Stevens's testimony was sustained. He requested no further relief in the form of an instruction to disregard and a motion for mistrial. No error was preserved concerning Stevens's testimony. *Rodriguez v. State*, 661 S.W.2d 318, 320 (Tex.App.—Corpus Christi 1983, no pet.).

■ Further, we find that the trial court properly admitted Martin's testimony. Rule 803(1) of the Texas Rules of Criminal Evidence provides for the present sense impression exception to hearsay, regardless of the availability of the declarant as a witness:

A statement describing or explaining an event or condition made while the declarant was perceiving the event or condition, or immediately thereafter.

The trial court determined, prior to overruling appellant's objection to Martin's testimony, that the declarant's statement was made at approximately 10:30 p.m. The evidence indicated that the burglary occurred some time after 9:30 or 10:00 p.m. The declarant's statement concerning the burglary, the perpetrator's identity, and his job location clearly qualifies as a present sense impression exception to hearsay. The declarant's statement described and explained her perception of an event immediately after she perceived it. Point of error two is overruled.

The judgment of the trial court is affirmed.