**Greg URQUHART, Individually & as Next Friend for David Urquhart, a Minor, Appellant,**

v.

**Curtis Elijah ANTRUM & Yellow Cab Company, Appellees.**

No. A14–88–214–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Dec. 22, 1988.

Randy L. Fairless, Houston, for appellant.

Jeffery L. Scott, Tom A. Dickens, Houston, for appellees.

Before J. CURTISS BROWN, C.J., and MURPHY and ROBERTSON, JJ.

OPINION

MURPHY, Justice.

This appeal follows a suit for personal injuries. Curtis Elijah Antrum was driving a taxi for the Yellow Cab Company in the parking lot of a Houston strip center when his cab struck and injured David Urquhart, a pedestrian. David suffered a broken leg in the accident. Individually and on his son David's behalf, appellant Greg Urquhart sued Antrum and Yellow Cab, the appellees. A jury found David ninety-five percent negligent. We conclude the trial court erroneously admitted Antrum's hearsay statements contained in the police report.

In his first point of error, the appellant maintains the trial court erred by permitting the investigating police officer to testify concerning the cause of the accident. Appellant has not referred us to specific portions of the record in compliance with Tex.R.App.P. 74(d) & (f). As best we can determine from his brief and oral argument, he complains of portions of the officer's deposition testimony in which he opined that the cab driver was not the direct cause of the accident but that David's failing to look was. Appellant did not object to the two questions appellants posed or the officer's answers. In the absence of a proper, timely objection, appellant has waived any error. Tex.R.App.P. 52(a); *see* Tex.R.Civ.Evid. 103(a)(1); *Pool v. Ford Motor Co.*, 715 S.W.2d 629, 637 (Tex. 1986) (opinion on rehearing); *Wilfin, Inc. v. Williams*, 615 S.W.2d 242, 244 (Tex.Civ. App.—Dallas 1981, writ ref'd n.r.e.). Although appellant made a preliminary objection to the officer's qualifications this could not preserve error in admitting the officer's statements to which appellant did not object. *In re Dahl*, 590 S.W.2d 191, 199 (Tex.Civ.App.—Amarillo 1979, writ ref'd n.r.e.). We overrule the first point of error.

In his second point of error, the appellant contends the trial court erred because it overruled his objections to the investigating police officer's testifying, by deposition, to statements recorded in his police report at the scene of the accident. The cab driver, Curtis Antrum, and a witness, Frances Ward, made the statements. Neither testified at trial. The trial court withdrew its original ruling sustaining appellant's objections to Ward's statement and permitted the officer's deposition testimony in which he referred to both her statement and Antrum's. The record does not reflect the court's reasons for its rulings. We conclude the trial court committed reversible error when it overruled appellant's hearsay objections to both statements.

Unless Tex.R.Civ.Evid. 801(e) defines the statement as non-hearsay, or unless the law provides an exception, an out-of-court statement offered for its truth is inadmissible. Tex.R.Civ.Evid. 802. By the express provisions of Tex.R.Civ.Evid. 801(e)(3) and Tex.R.Civ.P. 207, the officer's deposition testimony is non-hearsay and Tex.R.Civ. Evid. 803(6) creates an exception for those contents of the report which the officer made on personal knowledge. But the statements by Antrum and Ward, which the officer recorded in his report, are a different matter.

Appellant objects first to the following statement by Antrum: "I was driving west in the parking lot and the kid ran out from behind the van and slipped and I swerved and caught his leg." Because Antrum did not testify at the trial, none of the exceptions in Rule 801(e)(1) apply. Because the statement was offered by, rather than against, the appellees, it does not constitute an admission by a party *opponent* under Rule 801(e)(2). *See* 1A C. McCormick & R. Ray, Texas Law of Evidence Civil & Criminal § 786 at 13 (Texas Practice Ed. 1980 & Supp.1986) [hereinafter "Texas Law of Evidence"]. And since Antrum did not make his statement at a deposition, Rule 801(e)(3) does not apply. Accordingly, the statement cannot escape hearsay status under Rule 801 and is hearsay, an out-of court statement offered for its truth. Tex.R.Civ.Evid. 801(a)–(d); *see Turner, Collie & Braden v. Brookhollow, Inc.*, 642 S.W.2d 160, 167 (Tex.1982).

As hearsay, Antrum's statement would be properly admissible only under an exception to the hearsay rule. Tex.R.Civ.Evid. 802. As hearsay within a hearsay excep-

tion, Antrum's statement must *independently* satisfy an exception to the hearsay rule. TEX.R.CIV.EVID. 805. All hearsay exceptions require a showing of their trustworthiness. *Robinson v. Harkins & Co.*, 711 S.W.2d 619, 621 (Tex.1986).

■ The appellees maintain the statement qualifies as an excited utterance under Rule 803(2). We disagree. Rule 803(2) creates a hearsay exception for "[a] statement describing or explaining an event or condition made while the declarant was under the stress of excitement caused by the event or condition." Rule 803(2) appears to codify Texas common law which has required a showing that the declarant made the "res gestae" statement spontaneously, without reflection, in response to the exciting event and, therefore, within a close time proximity to the exciting event. *E.g., Richardson v. Green,* 677 S.W.2d 497, 500 (Tex.1984); *Truck Ins. Exch. v. Michling,* 364 S.W.2d 172, 174 (Tex.1963); 1A TEXAS LAW OF EVIDENCE § 917.

While the record shows that the officer arrived at the scene within six minutes of the accident, there is no showing that Antrum gave his statement at that time. Indeed, the officer testified to the many tasks he must perform at the scene of an accident before interviewing persons at the scene. Thus, while no precise time period is too long or too short, 1A TEXAS LAW OF EVIDENCE § 917 at 161, it is not clear exactly how long Antrum waited before giving his statement to the investigating officer. The circumstances in this case show only that Antrum "appear[ed] to be excited." There is no showing that his excitement was spontaneous or in response to the accident. Nor is there a showing that Antrum did not make the statement in response to the investigating officer's questions, a factor which mitigates against spontaneity. *See* 1A TEXAS LAW OF EVIDENCE § 914 at 155. Rather, the record suggests that Antrum had time to reflect and gave his statement to the officer in order to shift blame for the accident. *Compare Jones v. Hopper,* 506 S.W.2d 768, 770 (Tex.Civ.App.—Houston [14th Dist.] 1974, no writ) (inculpatory statement made within minutes of ac-

cident by injured defendant who did not testify at trial, held admissible as spontaneous utterance). If its decision to permit Antrum's statement rests on Rule 803(2), we conclude the trial court abused its discretion.

■ Similarly, while Antrum's statement describes or explains the accident, there is no showing, under TEX.R.CIV.EVID. 803(1), that he made the statement while perceiving the accident or "immediately thereafter." Since Rule 803(1)'s present sense impression exception requires an even closer time proximity than the excited utterance exception, we hold that Rule 803(1) does not provide an alternative basis for the hearsay reference to Antrum's statement. *See* 1A TEXAS LAW OF EVIDENCE § 916 at 33 (Supp.1986). Moreover, while the hearsay statement shows that Antrum admits hitting David, the overriding thrust of his statement is exculpatory because it tends to shift blame for the accident to David. Accordingly, TEX.R.CIV.EVID. 803(24), which creates an exception for statements against interest, does not apply to this case. *Robinson,* 711 S.W.2d at 621; *Duncan v. Smith,* 393 S.W.2d 798, 803 (Tex.1965).

■ Appellant also complains of the trial court's permitting the officer's hearsay reference to the following statement by the witness Ward: "That the boy ran out from the store, ran in front of the cab, the kid did not look and ran out from behind the van." Although the appellees contend Ward's statement qualifies as an excited utterance under Rule 803(2), we further hold that the trial court erred by overruling appellant's hearsay objection to her statement. There is no showing that Ward was excited when she made the statement, or that she made the statement spontaneously, in response to the accident and within a close time proximity to the accident.

■ The appellees contend that any error in permitting Antrum's and Ward's hearsay statements is harmless because the statements corroborate David's own responses under direct and cross examination. We cannot agree. David did concede that he looked to the right, but looked to

the left, from whence the taxicab came, only as he was being hit. However, only Antrum's statement indicates that David "slipped" and only Antrum's statement indicates that he swerved to avoid hitting David. Moreover, while David's testimony is not without conflict, he never conceded that he *ran*, rather than *walked*, into the path of the oncoming taxi, as both Ward and Antrum maintained. We conclude the trial court erred when it permitted the reference to both hearsay statements because no hearsay exception made them admissible. We further hold that permitting Antrum's and Ward's statements amounted to such a denial of appellant's rights as was reasonably calculated to cause and did cause rendition of an improper judgment. Tex.R.App.P. 81(b)(2).

We sustain appellant's second point of error. Accordingly, we reverse the judgment of the trial court and remand this cause for a new trial.