**Wesley Ray BEAUCHAMP, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 08–93–00031–CR.

Court of Appeals of Texas, El Paso.

Jan. 26, 1994.

Discretionary Review Refused May 18, 1994.

Thomas S. Morgan, Midland, for appellant.

Mark H. Dettman, County Atty., Midland, for appellee.

Before KOEHLER, BARAJAS and LARSEN, JJ.

*OPINION*

KOEHLER, Justice.

Wesley Ray Beauchamp appeals his conviction for the misdemeanor offense of driving while intoxicated. Upon a finding of guilt by the jury, the trial court assessed punishment at 20 days' confinement in the county jail, probated for one year, and a fine of $600. We affirm the judgment of the trial court.

In his first point of error, Appellant contends that the trial court erred in denying his plea in bar based upon *Grady v. Corbin*, 495 U.S. 508, 110 S.Ct. 2084, 109 L.Ed.2d 548 (1990) and *State v. Neff*, 841 S.W.2d 68 (Tex. App.—El Paso 1992, no pet.), which followed *Grady v. Corbin.* Appellant was arrested on December 1, 1990 for driving while intoxicated, failure to stay in a single marked lane, and speeding. Appellant was convicted of the two traffic offenses and paid a fine for each. Appellant filed a plea in bar with respect to his pending driving while intoxicated charge based upon his convictions for the two traffic offenses. That plea in bar was denied, and Appellant was subsequently convicted.

The cases relied upon by Appellant have been overruled since Appellant filed his brief. *Grady v. Corbin* was overruled by *United States v. Dixon*, 509 U.S. ——, 113 S.Ct. 2849, 125 L.Ed.2d 556 (1993). *Dixon* was adopted by the Court of Criminal Appeals in *Rice v. State*, 861 S.W.2d 925 (Tex.Crim.App. 1993) and *State v. Holguin*, 861 S.W.2d 919 (Tex.Crim.App.1993). In successive prosecution contexts, we now apply the "same-elements" test set out in *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932). *United States v. Dixon*, 509 U.S. at ——, 113 S.Ct. at 2856, 125 L.Ed.2d at 568; *Rice*, 861 S.W.2d at 925; *Holguin*, 861 S.W.2d at 920. This test inquires whether each offense contains an element not contained in the other; if not, double jeopardy bars a successive prosecution. *Rice*, 861 S.W.2d at 925; *Holguin*, 861 S.W.2d at 920.

Appellant's conviction of the driving while intoxicated charge following his convictions for speeding and failure to drive in a single marked lane is not barred under *Blockburger* because the driving while intoxicated and

traffic offenses contain dissimilar elements. See *Rice*, 861 S.W.2d at 925–26; *Holguin*, 861 S.W.2d at 920–21. The driving while intoxicated charge requires the State to prove that the defendant was intoxicated; speeding and failure to drive in a single marked lane do not. TEX.REV.CIV.STAT.ANN. art. 6701*l*–1(b) (Vernon Supp.1993); TEX. REV.CIV.STAT.ANN. art. 6701d, § 166 (Vernon 1977); TEX.REV.CIV.STAT.ANN. art. 6701d, § 60 (Vernon 1977 and Supp.1993). The speeding charge requires the State to prove that the defendant drove at a speed greater than reasonably necessary and prudent under the circumstances then existing, or drove in excess of the lawful speed limit; driving while intoxicated does not. TEX.REV.CIV. STAT.ANN. art. 6701*l*–1(b) (Vernon Supp. 1993); TEX.REV.CIV.STAT.ANN. art. 6701d, § 166 (Vernon 1977). The failure to drive in a single marked lane charge requires the State to prove that the defendant did not drive as nearly as practicable entirely within a single lane; driving while intoxicated does not. TEX.REV.CIV.STAT.ANN. art. 6701*l*–1(b) (Vernon Supp.1993); TEX.REV.CIV.STAT.ANN. art. 6701d, § 60 (Vernon 1977 and Supp. 1993). Appellant's first point of error is overruled.

In his second point of error, Appellant contends that the trial court erred by excluding the testimony of a defense witness who would have testified that one of the arresting officers said that he did not believe that Appellant was intoxicated. He argues that the testimony was admissible as extrinsic evidence of a prior inconsistent statement under TEX.R.CRIM.EVID. 612(a), and alternatively, was admissible under TEX.R.CRIM. EVID. 803(1) as a statement of present sense impression.

The record reflects that Sgt. John Madden and Trooper John Barton of the Department of Public Safety, were working as partners on the evening of Appellant's arrest. They were traveling to the scene of an accident involving another D.P.S. trooper when they came upon Appellant's vehicle at approximately 1:45 a.m. on Interstate 20. While following the vehicle for about two miles, Madden noted that Appellant's speed had varied from 50 m.p.h. to 67 m.p.h., and he had weaved out of his lane several times. Madden stopped Appellant for speeding and failing to drive in a single marked lane. He conducted some initial sobriety tests while Barton re-mounted the video recorder which had been detached from the patrol car in preparation for filming the scene of the accident. Thus, the first few sobriety tests were not recorded. After all of the sobriety tests were completed, Madden concluded that Appellant was intoxicated and placed him under arrest. Barton said that although he did not have as much contact with Appellant at the scene, he had watched some of the sobriety tests and he also concluded that Appellant was intoxicated after the tests were completed.

The troopers also determined that Appellant's passenger, Walter Brumley, was intoxicated and would not allow him to drive Appellant's car. Madden and Barton, with Appellant's consent, decided that Madden would transport Appellant to jail, while Barton transported Brumley in Appellant's vehicle. It was during this drive into Midland that Barton and Brumley had a discussion. Outside the presence of the jury, Brumley testified that when Barton could not see the speedometer in Appellant's car, he asked how Appellant had determined how fast he was driving. Brumley showed him how Appellant had used the dome light to illuminate the speedometer. Barton, after learning about this, allegedly stated to Brumley that he did not believe that Appellant was intoxicated.

Appellant first contends that Brumley's testimony concerning the officer's statement was admissible under TEX.R.CRIM.EVID. 612(a) and *Jackson v. State*, 756 S.W.2d 82 (Tex.App.—San Antonio 1988), rev'd on other grounds, 772 S.W.2d 117 (Tex.Crim.App. 1989). A defendant must lay a proper predicate under Rule 612(a) before seeking to introduce extrinsic evidence of a witness's inconsistent statement. TEX.R.CRIM.EVID. 612(a); *Alvarez–Mason v. State*, 801 S.W.2d 592, 595 (Tex.App.—Corpus Christi 1990, no pet.); *Allen v. State*, 788 S.W.2d 637, 640 (Tex.App.—Houston [14th Dist.] 1990, pet. ref'd). *Jackson* is distinguishable from the facts of this case because the defendant met

the requirements of Rule 612(a) by asking the officer whether he had made a statement to the defendant after observing the intoxilyzer result. When the officer denied making any statement, extrinsic evidence of it became admissible under Rule 612(a). *Jackson*, 756 S.W.2d at 83–84. During cross-examination of Barton, Appellant did not tell him of the contents of the statement, or tell him of the time and place and to whom it was made as required by Rule 612(a). Because Appellant failed to lay the proper predicate for introduction of the inconsistent statement, extrinsic evidence of the statement was properly excluded by the trial court. TEX. R.CRIM.EVID. 612(a); *Alvarez–Mason*, 801 S.W.2d at 595; *Allen*, 788 S.W.2d at 640.

Alternatively, Appellant contends that Brumley's testimony was admissible under Rule 803(1), and he again relies upon *Jackson v. State* for support. Although the defendant in *Jackson* asserted that certain testimony was admissible as both a present sense impression and as impeachment by a prior inconsistent statement, the Court of Appeals held only that the statement was admissible to impeach the officer under TEX. R.CRIM.EVID. 612(a). *Jackson*, 756 S.W.2d at 84. Therefore, *Jackson* does not support Appellant's contention.

Rule 803(1), in relevant part, provides:

The following are not excluded by the hearsay rule, even though the declarant is available as a witness:

**(1) Present Sense Impression.** A statement describing or explaining an event or condition made while the declarant was perceiving the event or condition, or immediately thereafter.

TEX.R.CRIM.EVID. 803(1). Thus, a present sense impression is a comment made at the very time the declarant is receiving the impression, or immediately thereafter. TEX. R.CRIM.EVID. 803(1); see *Rabbani v. State*, 847 S.W.2d 555, 560 (Tex.Crim.App.1992). The rationale for the exception stems from the statement's contemporaneity, not its spontaneity. *Rabbani*, 847 S.W.2d at 560. In a case interpreting TEX.R.CIV.EVID. 803(1), which is identical to TEX.R.CRIM.EVID. 803(1), it was noted that the present sense impression exception requires an even closer time proximity than the excited utterance exception. *Urquhart v. Antrum*, 776 S.W.2d 595, 597 (Tex.App.—Houston [14th Dist.] 1988, no writ).

Statements of present sense impression possess the following safeguards which render them reliable: (1) the report at the moment of the thing then seen, heard, etc., is safe from any error from defect of *memory* of the declarant; (2) there is little or no time for calculated misstatement; (3) the statement will usually be made to another—the witness who reports it—who would have equal opportunity to observe and hence to check a misstatement. *Rabbani*, 847 S.W.2d at 560. Consequently, it is believed that such comments, strictly limited to reports of *present* sense-impressions, have such exceptional reliability as to warrant their inclusion within the hearsay exception for spontaneous declarations. Id.

We will first address the question whether Barton's statement is a present sense impression within the meaning of Rule 803(1). In making that determination, it is important to consider the nature of the statement and the context in which it was made. Significantly, the statement was made only after Barton had personally witnessed the malfunctioning speedometer and after Brumley had explained the difficulty Appellant had in gauging his speed as a result of the mechanical difficulty. What Barton learned apparently caused him to reconsider his previously formed conclusion that Appellant was intoxicated, and his statement expressed a change of opinion in that regard. We do not believe that a statement of *opinion* about a condition or event, as opposed to a statement of description or explanation about something observed or otherwise sensed, qualifies as a present sense impression. Further, this reevaluation of his opinion necessarily involved reflection upon Barton's much earlier observations of Appellant's driving and physical condition in light of what he had just learned. As such, the statement was not a descriptive or explanatory comment upon an event or condition Barton was then perceiving or had just perceived. Thus, Barton's statement was not a present sense impression under Rule 803(1). Compare *Rabbani,*

847 S.W.2d at 559 (statement that the "appellant is outside" made while looking outside window); *Anderson v. State,* 454 S.W.2d 740 (Tex.Crim.App.1970) (statement that "seems like there is a car being stripped down the street there" made immediately after seeing men stripping car); *Harris v. State,* 736 S.W.2d 166, 167 (Tex.App.—Houston [14th Dist.] 1987, no pet.) (statement that "somebody run around the house with your radio" made shortly after observing the event); see also *Franklin v. State,* 858 S.W.2d 537 (Tex. App.—Beaumont 1993, no pet.) (witness who had talked to deceased victim on phone just prior to murder allowed to testify that during phone conversation she came to know defendant was in the house).

Appellant contends that *Harris v. State,* 736 S.W.2d 166, supports his argument that the statement was admissible as a present sense impression. In *Harris,* which was a burglary of a habitation prosecution, the State offered evidence that the victim was allowed to testify that a woman named Mamie came to her front door and told her that a man named Jerome Harris (defendant) had run around the house with the victim's radio. The victim also testified that Mamie told her where Harris worked. The evidence showed that the burglary occurred at approximately 9:30 or 10 p.m. and the statement was made at 10:30 p.m. At trial and on appeal, the defendant objected to the testimony on the ground that it was not *res gestae* of the offense. The Court of Appeals did not address the *res gestae* complaint but instead held that the testimony regarding the burglary, the perpetrator's identity, and his place of employment was admissible as a present sense impression. *Harris,* 736 S.W.2d at 167. We find the *Harris* case distinguishable because the hearsay statement in that case was a description of what Mamie had observed. In the instant case, Barton's statement was an expression of his apparent change of opinion about Appellant's sobriety.

■ Barton's statement is also not admissible under Rule 803(1) because of the time lapse between the events and the statement. In order to determine whether the statement was made contemporaneously with the occurrence, we have reviewed the statement of facts and State's Exhibit 1, which is the video recording made on the roadside. The video reflects that Appellant, after failing the field sobriety tests, was arrested and taken to the patrol car at 2 a.m., approximately fifteen minutes after he was first stopped. When Barton placed Appellant in the patrol car at 2:07 a.m., he smelled an odor of alcohol on him. Thereafter, Barton stood near the patrol car until 2:17 a.m., but there is no evidence in the record that he made any further observations of Appellant's condition.

Barton and Brumley got in Appellant's car at 2:17 a.m., and it appears from the video that the two began talking shortly after they got in the vehicle. At 2:20 a.m., both vehicles left the roadside with the patrol car in the lead. After a short drive, Madden arrived at the detention center at 2:26 a.m., and presumably, Barton arrived at about the same time. The record does not reflect how much time had elapsed from Barton's last opportunity to observe Appellant's condition until the time that the statement was made. Assuming that Barton's last opportunity to observe Appellant's condition occurred when he placed him in the patrol car, the time span could have been from ten minutes to nineteen minutes. It had been a much longer time period since he had observed Appellant performing the sobriety tests, and even longer since he had seen him driving.

■ Of course, there is no *per se* rule for determining whether too much time has passed between the making of the statement and the occurrence of the events or conditions which precipitated the comment. We believe that a functional test should be applied, namely, whether the proximity in time is sufficient to reduce the hearsay dangers of faulty memory and insincerity. See TEXAS RULES OF EVIDENCE HANDBOOK § 20:477 (Houston Law Review 1983). Under these facts, where the declarant has had time to reflect not only upon the events and conditions previously observed but also upon those facts that he has subsequently learned about the events and conditions, as here, then the statement is no longer sufficiently contemporaneous so as to be reliable. We find that Barton's statement was not made contemporaneously with his observation of Appellant's

condition, and as such, does not qualify as a statement of present sense impression. Tex. R.Crim.Evid. 803(1).

For these reasons, the trial court did not abuse its discretion by excluding the testimony. Appellant's second point of error is overruled. The judgment of conviction is affirmed.