In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-05-252 CR


____________________



BRANDY MARLENE DALTON, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the County Court


Hardin County, Texas


Trial Cause No. 50125






 MEMORANDUM OPINION 


 This appeal concerns whether the trial court committed reversible error when it
admitted two written statements over Brandy Marlene Dalton's hearsay objections. We find
that it did not and affirm the trial court's decision.

Background

 Dalton, while driving her car southbound on Highway 69 in Hardin County, Texas,
left the paved portion of the highway and entered the nearby ditch. Dalton was unable to
remove her car from the mud in the ditch by spinning her tires or by getting out of the car and
pushing it. Two witnesses, Donna Allen and Heather Moore, observed Dalton driving
erratically before the incident and watched in their rearview mirrors as Dalton's car left the
road. Both witnesses turned around and stopped at the scene. Moore approached the car and
spoke to Dalton. 

 Shortly after the accident, Arnold Tevis, a State Trooper with the Texas Department
of Public Safety, arrived at the scene. After conducting field sobriety tests, Trooper Tevis
placed Dalton under arrest. Trooper Tevis subsequently obtained a blood specimen. During
his investigation, Trooper Tevis obtained written witness statements from Allen and Moore. 
 The State charged Dalton with driving a vehicle in a public place while intoxicated
by not having the normal use of her mental or physical faculties by reason of the introduction
of some unknown substance other than alcohol in the body. The State, in a jury trial, tried
the case on the offense of driving while intoxicated. Following the trial, the jury found
Dalton guilty. The court fined Dalton $1,000, and sentenced her to 180 days confinement
in county jail. (1) 

 During Allen's and Moore's respective direct examinations, the State requested that
their written statements be admitted into evidence. The trial court, over the objection of
Dalton's attorney, admitted both statements into evidence. The statements were not used
during the State's examination of Allen or Moore to refresh the respective witness's
recollection or to impeach prior testimony. During Allen's examination, she testified to the
information contained in her statement. Moore's testimony, in part, duplicated the
information in her statement, however the statement also included two observations, to which
she did not testify. On appeal, Dalton asserts the trial court impermissibly admitted the
statements and that their admission resulted in harm. The State, on the other hand, claims
that the statements are not hearsay, or in the alternative, fell within an exception to the
hearsay rule.

Standard of Review

 We review a trial court's decision to admit or exclude evidence under an abuse of
discretion standard. Carrasco v. State, 154 S.W.3d 127, 129 (Tex. Crim. App. 2005). We
will uphold the trial court's ruling if it is "reasonably supported by the record and is correct
under any theory of law applicable to the case." Id.

The Two Witness Statements and Their Admissibility

 "'Hearsay' is a statement, other than one made by the declarant while testifying at the
trial . . . , offered in evidence to prove the truth of the matter asserted." Tex. R. Evid. 801(d). 
Absent a specific exception, hearsay is not admissible. Tex. R. Evid. 802. 

 The two witness statements at issue are hearsay. Both written statements were made
outside of court and neither were made under oath. The State suggests that its purpose in
offering the written statements was to identify Dalton. However, Dalton's identity was not
contested and was not an issue, and we disagree that the written witness statements were 
offered by the State for the purpose of identifying Dalton as the State suggests. See Tex. R.
Evid. 801(e)(1)(C). Moreover, contrary to the State's contention that the written statements
were not offered for the truth of the matter asserted-that Dalton was driving while
intoxicated-we find no other basis for the State's proffer of the written statements except to
show that Dalton was intoxicated. See Tex. R. Evid. 801(c). Because the written statements
were offered to prove Dalton's intoxication, absent a permissible exception to the hearsay
rule, the written statements were inadmissible. See Tex. R. Evid. 802. 

 The State argues alternatively that if the written statements are hearsay, their
admission was permissible as "present sense impressions," an exception to the hearsay rule. 
See Tex. R. Evid. 803(1). The Rules of Evidence define a present sense impression as "[a]
statement describing or explaining an event or condition made while the declarant was
perceiving the event or condition, or immediately thereafter." Id. Present sense impressions
are not excluded under the hearsay rule. Id. 

 Present sense impressions are not excluded because there are circumstantial
guarantees that the out-of-court statement is likely true. See generally 2 Steven Goode et
al., Guide to the Texas Rules of Evidence § 803.2 (3d ed. 2002). Specifically, present
sense impressions possess the following safeguards of reliability: 

 1) the report at the moment of the thing then seen, heard, etc. is
safe from any error from defect of memory of the declarant;

 2) there is little or no time for a calculated misstatement;

 3) the statement will usually be made to another-the witness
who reports it-who would have equal opportunity to observe
and hence to check a misstatement.


1.70 Acres v. State, 935 S.W.2d 480, 488 (Tex. App.-Beaumont 1996, no writ); see also
Rabbani v. State, 847 S.W.2d 555, 560 (Tex. Crim. App. 1992), cert. denied, 509 U.S. 926,
113 S.Ct. 3047, 125 L.Ed.2d 731 (1993). "The rationale for the exception stems from the
statement's contemporaneity, not its spontaneity[.]" 1.70 Acres, 935 S.W.2d at 488.

 In this case the witnesses did not make their written statements while perceiving the
incident. Therefore, the issue is whether the lapse in time between the witnesses perceiving
the event and the time each witness made her statement is sufficiently proximate to be
considered made "immediately thereafter." See Tex. R. Evid. 803(1). 

 The State, as the proponent of the evidence, bears the burden of establishing that the
witness statements were made immediately after the witnesses perceived the event to qualify
for the hearsay exception. See Martinez v. State, 178 S.W.3d 806, 815 (Tex. Crim. App.
2005). The record places the accident at approximately 11:30 a.m. Allen testified that she
wrote her statement between 10:45 and 11:00. Moore prepared her statement five days after
the incident. While no per se rule exists for determining whether too much time has passed,
we must decide "whether the proximity in time is sufficient to reduce the hearsay dangers of
faulty memory and insincerity." Beauchamp v. State, 870 S.W.2d 649, 653 (Tex. App.-El
Paso 1994, writ ref'd). 

 While we think it likely that Allen prepared her statement shortly after the incident
and not before its occurrence, the evidence in the record does not establish how much time
elapsed between when she observed the incident and when she prepared her statement. As
it is the State's burden to show that a hearsay exception applies, and the record is insufficient
to do so, we cannot conclude that the present sense impression exception applies to Allen's
written statement. 

 Moore's written statement, made five days after the incident, clearly falls outside any
reasonable argument that she made it immediately after the incident. A statement made five
days after an incident does not have the circumstantial guarantees that otherwise make the
truthfulness of out-of-court statements admitted as present sense impressions reliable. Thus,
we find that the State failed to establish that the witnesses' written statements were made
immediately after the witnesses' perception of the event. Consequently, the written
statements do not qualify as "present sense impressions." See Tex. R. Evid. 803(1). The
trial court erred when it admitted the two written statements over Dalton's hearsay
objections.



Harm Analysis


 Having found the trial court erred in admitting the written statements, we must
conduct a harm analysis to determine whether the error requires reversal of the judgment. 
See Tex. R. App. P. 44.2. If the error is constitutional, as Dalton suggests, we apply rule
44.2(a) and reverse unless we determine "beyond a reasonable doubt that the error did not
contribute to the conviction or punishment." Tex. R. App. P. 44.2(a). Otherwise, we apply
rule 44.2(b) and disregard the error unless it affects substantial rights. Tex. R. App. P.
44.2(b). 

 Rarely does an erroneous evidentiary ruling rise to the level of constitutional error.
Potier v. State, 68 S.W.3d 657, 663 (Tex. Crim. App. 2002). This rule generally applies
when a trial court erroneously admits evidence. See, e.g., Bagheri v. State, 119 S.W.3d 755,
762-63 (Tex. Crim. App. 2003) (nonconstitutional error when trial court erroneously
admitted "retrograde extrapolation" evidence); Hankins v. State, 180 S.W.3d 177, 182 (Tex.
App.-Austin 2005, pet. ref'd) (erroneous admission of prior conviction analyzed under
nonconstitutional harm analysis); Stovall v. State, 140 S.W.3d 712, 718 (Tex. App.-Tyler
2004, no pet.) ("A violation of the evidentiary rules that results in the erroneous admission
of evidence is nonconstitutional error."). The two witnesses who gave their written
statements appeared at trial and were subject to cross-examination. Thus, the erroneous
admission of their written statements did not violate Dalton's right to confront the witnesses
who testified against her. Dalton does not explain how any of her constitutional rights were
denied by the erroneous admission of the written statements. Therefore, we conclude that
the trial court's erroneous admission of the two written witness statements does not rise to
the level of constitutional error.

 We next consider whether the erroneous admission of the written witness statements
affected Dalton's substantial rights. See Tex. R. App. P. 44.2(b). Dalton's substantial rights
are affected if the admission of the written statements exerted "a substantial and injurious
effect or influence in determining the jury's verdict." King v. State, 953 S.W.2d 266, 271
(Tex. Crim. App. 1997) (citing Kotteakos v. United States, 328 U.S. 750, 776, 66 S.Ct. 1239,
90 L.Ed. 1557 (1946)). Conversely, the error is harmless if, after considering the record as
a whole, we have "'fair assurance that the error did not influence the jury, or had but a slight
effect.'" Bagheri, 119 S.W.3d at 763 (quoting Solomon v. State, 49 S.W.3d 356, 365 (Tex.
Crim. App. 2001)). In assessing whether the error adversely affected the jury's decision, we
consider the entire record, including all testimony, physical evidence, jury instructions, the
State's theories, any defensive theories, closing arguments, and even voir dire, if applicable. 
Bagheri, 119 S.W.3d at 763; Motilla v. State, 78 S.W.3d 352, 355 (Tex. Crim. App. 2002). 
Important factors we consider are "'the nature of the evidence supporting the verdict, the
character of the alleged error and how it might be considered in connection with other
evidence in the case.'" Bagheri, 119 S.W.3d at 763 (citing Motilla, 78 S.W.3d at 355). We
also consider whether the State emphasized the error, whether the erroneously admitted
evidence was cumulative, and whether it was elicited from an expert. Bagheri, 119 S.W.3d
at 763. 

 Allen's testimony at trial, under oath, reiterates the information in her written
statement. As a result, we conclude that the erroneous admission of her statement did not
influence the jury or cause Dalton harm. 

 Moore's statement included her observations that Dalton "looked drunk" and that she
saw Dalton "walking around as if she did not know where she was." Moore did not testify
to these two observations at trial. However, there is other substantial evidence, admitted
without objection at trial, to support Dalton's conviction for driving while intoxicated. 

 Allen and Moore both testified at trial that they saw Dalton weaving across the
roadway prior to her leaving the highway. Additionally, Trooper Tevis testified regarding
his observations of Dalton upon his arrival at the scene and that she failed to pass the field
sobriety tests he conducted. Additionally, the field sobriety tests were videotaped and shown
to the jury. The videotape also supports the jury's conclusion that Dalton did not have the
normal use of her mental or physical faculties. Finally, two toxicologists with the Texas
Department of Public Safety Crime Lab testified that the levels of prescription drugs found
in Dalton's blood, although within the recommended therapeutic ranges, could cause
impairment. 

 During closing argument, the State did emphasize the statements and recommended
that the jury review the written statements. The State's attorney also read the portion of
Moore's statement regarding her observation that Dalton appeared intoxicated. After
retiring, the jury requested and was given the opportunity to review the written statements
at issue. Moore's two observations are cumulative of other evidence that strongly supports
the contention that Dalton was intoxicated when she was driving. Having thoroughly
examined the entire record in this case, we can say with fair assurance that the erroneous
admission of the two written witness statements did not influence the jury, or had but a slight
effect. Therefore, we affirm the judgment of the trial court.

 AFFIRMED. 

 ___________________________

 HOLLIS HORTON

 Justice



Submitted on September 5, 2006

Opinion Delivered October 25, 2006

Do Not Publish


Before McKeithen, C.J., Kreger and Horton, JJ.
1. Pursuant to a request by Dalton and agreement by all parties, including the trial
court, the court probated Dalton's jail sentence for one year.