In The



Court of Appeals



Ninth District of Texas at Beaumont


____________________



NO. 09-06-061 CR


____________________



NHIKIMA GIEVANNI HAGER, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the Criminal District Court


Jefferson County, Texas


Trial Cause No. 89547






MEMORANDUM OPINION



 A jury convicted appellant Nhikima Gievanni Hager of murder and assessed
punishment at ninety-nine years of confinement and a $10,000 fine. Hager filed this appeal,
in which he raises two issues for our consideration. Hager argues that the evidence was
legally and factually insufficient to support his conviction, and that the trial court erred by
refusing to admit his statement under Rule 803. See Tex. R. Evid. 803. We affirm the trial
court's judgment.

Issue One


 In his first issue, Hager complains that the evidence was legally and factually
insufficient to support his conviction. When reviewing the legal sufficiency of the evidence,
we must view the evidence in the light most favorable to the verdict and determine whether
any rational factfinder could have found the essential elements of the offense beyond a
reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 318-19, 99 S.Ct. 2781, 61 L.Ed.2d 560
(1979); Ross v. State, 133 S.W.3d 618, 620 (Tex. Crim. App. 2004). In conducting a factual
sufficiency review, we consider all of the evidence in a neutral light to determine whether
the evidence supporting the verdict is too weak to support the finding of guilt beyond a
reasonable doubt, or if the evidence of guilt, although adequate if considered alone, is so
greatly outweighed by contrary proof that the jury's verdict is not rationally justified. 
Johnson v. State, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000); see also Watson v. State, 204
S.W.3d 404, 417 (Tex. Crim. App. 2006).

 The jury heard evidence that Hager had been in a romantic relationship with the
victim, and the victim and her husband, Jarrod Procter, had just decided to reconcile. Hager
became angry upon finding Procter with the victim, and Hager asked the victim's father,
Presley, for his rifle. The victim's mother, Iona, asked Hager to leave her apartment after
learning that Hager and the victim were having problems, and Hager moved out of the
apartment. Hager went to Presley's home during the early morning hours the following day
and asked to speak with the victim, and at some point after Presley took Hager to Iona's
house to talk to the victim, Iona realized the victim was no longer in the house. She
subsequently heard the victim screaming for help followed by two gunshots. The next time
anyone saw the victim, she had sustained two gunshot wounds and was lying dead on the
porch of a nearby house. In addition, the jury heard evidence that the police found Hager at
a doughnut shop shortly after the victim's death, and Hager was clothed only in his
underwear and was covered in chocolate doughnut frosting. An employee of the doughnut
shop told police that he saw Hager get out of a Dodge Neon. Police later found items
belonging to Hager in the car. DNA testing revealed that the victim's blood was on the rear
windshield of the Dodge Neon. In addition, Hager could not be excluded as a contributor
to the semen sample recovered from the victim's panty or to the scraping obtained from
beneath the victim's fingernail.

 Viewing the record in the light most favorable to the verdict, a rational jury could
have concluded beyond a reasonable doubt that Hager was guilty of murdering Marilyn Viltz
Procter. See Tex. Pen. Code Ann. § 19.02(b)(1) (Vernon 2003). Furthermore, a neutral
review of the entire record does not demonstrate that the proof of guilt is so obviously weak
as to undermine confidence in the jury's determination, nor does it demonstrate that the proof
of guilt is greatly outweighed by contrary proof. The evidence is legally and factually
sufficient to support the verdict. We overrule issue one.

 In his second issue, Procter asserts that the trial court erred by excluding the 
testimony of Ebony Williams concerning Hager's statement that some guys tried to "jump"
him. Specifically, Hager contends the statement was admissible as a present sense
impression, an excited utterance, and to show his state of mind at a relevant time period. See
Tex. R. Evid. 803(1), (2), (3). We review the trial court's decision to exclude the statement
from evidence for abuse of discretion. See Coffin v. State, 885 S.W.2d 140, 149 (Tex. Crim.
App. 1994). The trial court abuses its discretion only if its ruling falls outside the zone of
reasonable disagreement. Salazar v. State, 38 S.W.3d 141, 153-54 (Tex. Crim. App. 2001). 
As the proponent of the evidence, Hager bore the burden of establishing that the statements
fit within a hearsay exception. See Martinez v. State, 178 S.W.3d 806, 815 (Tex. Crim. App.
2005). After the State objected to Williams's testimony on hearsay grounds, the trial court
conducted a hearing outside the jury's presence.

 We first address whether the statement was admissible under the present sense
impression to the hearsay rule. Rule 803(1) provides a hearsay exception for "[a] statement
describing or explaining an event or condition made while the declarant was perceiving the
event or condition, or immediately thereafter." Tex. R. Evid. 803(1). Williams did not
indicate that anyone tried to jump Hager when he appeared at her mother's door. Therefore,
Hager clearly did not make the statement to Williams while he was perceiving the event. See
id. Although Williams stated that she believed Hager made the statement immediately after
the event occurred, she did not explain the basis for her belief, nor did she indicate how much
time elapsed between the event and Hager's appearance at her mother's door. See generally
Beauchamp v. State, 870 S.W.2d 649, 653 (Tex. App.--El Paso 1994, pet. ref'd) (The court
must determine "whether the proximity in time is sufficient to reduce the hearsay dangers of
faulty memory and insincerity."). Therefore, we cannot say the trial court erred by refusing
to admit the statement as a present sense impression.

 We now turn to Hager's contention that the statement constituted an excited utterance. 
Rule 803(2) provides a hearsay exception for "[a] statement relating to a startling event or
condition made while the declarant was under the stress of excitement caused by the event
or condition." Tex. R. Evid. 803(2). During the hearing on admissibility, Williams
explained that Hager did not appear to be scared, nervous, or excited, and he spoke calmly
and rationally. Therefore, the trial court did not err by refusing to admit the statement as an
excited utterance. See id.; see generally King v. State, 953 S.W.2d 266, 269 (Tex. Crim.
App. 1997) (Statement was admissible as an excited utterance when the declarant was crying
profusely and extremely emotional when she made the statement.).

 Lastly, we turn to Hager's argument that the statement was admissible because it
showed his state of mind at a relevant time period. Rule 803(3) provides a hearsay exception
for "[a] statement of the declarant's then existing state of mind, emotion, sensation, or
physical condition . . ., but not including a statement of memory or belief to prove the fact
remembered or believed unless it relates to the execution, revocation, identification, or 
terms of [a] declarant's will." Tex. R. Evid. 803(3). Hager's brief does not explain how
his statement to Williams that some guys tried to jump him at an unspecified time and
location shows his state of mind at a relevant time period. As previously discussed, Williams
did not explain when the event mentioned by Hager occurred or how much time had elapsed
between the event and her encounter with Hager. Furthermore, Rule 803(3) specifically
excludes statements of "memory or belief to prove the fact remembered or believed[.]" Id.
Defense counsel's arguments at the hearing indicate that he sought to introduce the evidence
to prove that someone else could have killed the victim because other people attacked or
confronted Hager. Therefore, the statement was inadmissible under Rule 803(3), and the trial
court did not abuse its discretion in refusing to admit the statement. See id. We overrule
Hager's second issue and affirm the trial court's judgment.

 AFFIRMED.


 

 STEVE McKEITHEN

 Chief Justice


Submitted on September 18, 2007

Opinion Delivered October 10, 2007

Do Not Publish


Before McKeithen, C.J., Kreger and Horton, JJ.