John Howard GREEN, Appellant,

v.

The STATE of Texas, Appellee.

No. 09–93–223 CR.

Court of Appeals of Texas, Beaumont.

May 18, 1994.

Peter F. Doyle, Jr., Nederland, for appellant.

Rodney D. Conerly, Asst. Crim. Dist. Atty., Tom Maness, Dist. Atty., Beaumont, for state.

Before WALKER, C.J., and BURGESS and BROOKSHIRE, JJ.

## OPINION

WALKER, Chief Justice.

This is an appeal from a conviction for the misdemeanor offense of Unlawfully Carrying a Weapon. A jury found appellant guilty and assessed his punishment at one year confinement in the Jefferson County Jail and a fine in the amount of $3000. Appellant raises six points of error for appellate consideration, none of which complain of the sufficiency of the evidence to support the conviction.

Point of error one provides, "That the Trial Court erred in admitting over objection the statement, attributed to two unnamed bystanders, 'The man in the brown trench coat was shooting.'" The record reflects that the only State's witness, Officer Curtis Mark Chatelain of the Port Arthur Police Department, testified that at approximately 4:20 a.m. on January 13, 1992, he was dispatched to the Club Bavarian located in the 200 block of Sixth Street in Port Arthur in order to assist other officers in disbursing a crowd. Officer Chatelain arrived at said location and was in the process of disbursing a large crowd of people when he heard a loud gunshot coming from the direction of the 100 block of Sixth Street. At this point, the direct examination of Officer Chatelain by the State continued as follows:

Q. [Prosecutor] Okay. Did something draw your attention to the defendant here?

A. [Chatelain] Yes. They had several subjects running towards my direction, which was a (sic) eastbound, and they were stating that the man—

MR. DOYLE: [Defense Counsel] Objection to any hearsay statements that anybody made.

THE COURT: Sustained.

MRS. ENGLADE: [Prosecutor] Your Honor, I believe this will not go to the truth of the matter asserted. Basically, it's my probable cause to question the man. Can we approach?

THE COURT: Yes.

[An off-the-record discussion was had at the bench between the State, Defense Counsel, and the trial court]

THE COURT: The objection is overruled.

MRS. ENGLADE: Thank you.

Q. [Prosecutor] Now, officer, I'll get back to that. The people were running to you from the one hundred block?

A. Yes, they were.

Q. Okay. Okay. Indicating that they had been near the gunshot?

A. Yes, ma'am.

Q. Okay. And what did—How many people approached you?

MR. DOYLE: Objection.

MRS. ENGLADE: All right.

MR. DOYLE: Your Honor, I understand—the question that was asked and the answered (sic) was speculative. I would object on the basis of speculation.

THE COURT: Overruled.

MRS. ENGLADE: Thank you.

Q. [Prosecutor] Okay. When they were running towards you, how many were running towards you?

A. There were several that were running towards me.

Q. Okay. And what did they tell you?

A. Two of them—

MR. DOYLE: Objection again to the hearsay.

THE COURT: Overruled.

A. [Chatelain] Two of them were shouting, "The man in the brown trench coat was shooting."

■ In his brief, appellant complains that the statement of the two individuals running from the direction that the shot was fired was hearsay and that the "probable cause" rationale posited by the State at trial is not supported by case law. TEX.R.CRIM. EVID. 803(1) provides: "The following are not excluded by the hearsay rule, even though the declarant is available as a witness: (1) **Present sense impression.** A statement describing or explaining an event or condition made while the declarant was perceiving the event or condition, or immediately thereafter." The basic reason for excluding hearsay is its inherent unreliability. Yet the rationale for the exception under Rule 803(1) is "contemporaneity" as described in the following commentary:

If a person observes some situation or happening which is not at all startling or shocking in its nature, nor actually producing excitement in the observer, the observ-er may yet have occasion to comment on what he sees (or learns from other senses) *at the very time that he is receiving the impression.* Such a comment, as to a situation then before the declarant, does not have the safeguard of impulse, emotion, or excitement, but there are other safeguards. In the first place, the report at the moment of the thing then seen heard, etc., is safe from any error from defect of *memory* of the declarant. Secondly, there is little or no *time* for calculated misstatement, and thirdly, the statement will usually be made to another (the witness who reports it) who would have equal opportunities to observe and hence to check a misstatement. Consequently, it is believed that such comments, strictly limited to reports of *present* sense-impressions, have such exceptional reliability as to warrant their inclusion within the hearsay exception for Spontaneous Declarations. Ray, 1A Texas Practice, Law of Evidence § 916, at 158–59 (3d ed. 1980) (emphasis in original).

*Rabbani v. State,* 847 S.W.2d 555, 560 (Tex. Crim.App.1992), *cert. denied,* —— U.S. ——, 113 S.Ct. 3047, 125 L.Ed.2d 731 (1993).

In the instant case, the record reflects that Officer Chatelain responded quickly to the gunshot occurring only one block away. The two witnesses were running from the direction of the gunshot. They were obviously describing an event that they had perceived almost immediately before encountering Officer Chatelain. Sufficient reliability existed for the statement to be admitted under the hearsay exception of Rule 803(1)[1]. Point of error one is overruled.

■ Appellant's second point of error complains of improper argument by the State during the guilt/innocence phase of the trial. The particular portion in question is reproduced as follows:

[Prosecutor] Now, I also want to point out that Mr. Doyle has not produced one bit of

---

1. Although we are unaware of the exact legal basis upon which the trial court admitted the statement, if a trial judge's decision to admit certain testimony is correct on any theory of law applicable to the case, it will be upheld. This is true whether or not he states the correct ground. *McFarland v. State,* 845 S.W.2d 824, 846, n. 15 (Tex.Crim.App.1992), *cert. denied,* —— U.S. ——, 113 S.Ct. 2937, 124 L.Ed.2d 686 (1993).

evidence to tell you this man had a lawful right to carry that weapon. He wasn't travelling anywhere, he didn't have any other legal excuse to carry that weapon.

MR. DOYLE: Objection, your (sic) Honor. That's sort of a stab at the defendant's election.

THE COURT: That is sustained.

MR. DOYLE: I make a motion for an instruction to the jury to disregard.

THE COURT: The jury is instructed to disregard.

MR. DOYLE: I make a motion for mistrial.

THE COURT: Denied.

Citing us to *Owen v. State*, 656 S.W.2d 458 (Tex.Crim.App.1983), appellant argues that the State's comment called the jury's attention to the absence of evidence that only appellant could supply and was therefore reversible error. *Owen* indeed contains such language and additionally states, "The prohibition against a comment on the defendant's failure to testify is mandatory and the adverse effect of any reference to the accused's failure to testify is not generally cured by an instruction to the jury." *Id.* at 459. However, what may have been considered mandatory prohibitions or automatic reversible error in 1983 has given way to "harmless error" tests on some occasions, and to curative trial court instructions on others. *See, Long v. State*, 823 S.W.2d 259, 269 (Tex.Crim.App. 1991), *cert. denied*, —— U.S. ——, 112 S.Ct. 3042, 120 L.Ed.2d 910 (1992); *Madden v. State*, 799 S.W.2d 683, 699, n. 28 (Tex.Crim. App.1990), *cert. denied*, 499 U.S. 954, 111 S.Ct. 1432, 113 L.Ed.2d 483 (1991); *Bower v. State*, 769 S.W.2d 887, 907 (Tex.Crim.App.), *cert. denied*, 492 U.S. 927, 109 S.Ct. 3266, 106 L.Ed.2d 611 (1989); *Jackson v. State*, 745 S.W.2d 4, 15 (Tex.Crim.App.), *cert. denied*, 487 U.S. 1241, 108 S.Ct. 2916, 101 L.Ed.2d 947 (1988).

In the instant case, not only did the trial court sustain appellant's objection and immediately instruct the jury to disregard the State's comment, but we note that the written instructions, which were first read to the jury by the trial court and then provided to the jury throughout its deliberations, included the following paragraphs:

Our law provides that a Defendant may testify in his own behalf if he elects to do so. This, however, is a privilege accorded a Defendant, and in the event he elects not to testify, that fact cannot be taken as a circumstance against him. In this case, the Defendant has elected not to testify, and you are instructed that you cannot and must not refer or allude to that fact throughout your deliberations or take it into consideration for any purpose whatsoever as a circumstance against Defendant.

\* \* \* \* \* \*

Questions and comments of the attorneys do not constitute testimony and must not be considered as evidence. You must also disregard any statement of the attorneys that is inconsistent with the law contained in this charge.

■ We must presume that the jury followed both the oral and written instructions of the trial court. *Sattiewhite v. State*, 786 S.W.2d 271, 278–279 (Tex.Crim.App.1989), *cert. denied*, 498 U.S. 881, 111 S.Ct. 226, 112 L.Ed.2d 181 (1990). With the obvious move away from automatic reversible error by the Court of Criminal Appeals in the area of jury argument, even with regard to comments on a defendant's failure to testify, we find no offensive or flagrant error in the State's argument that could not have been cured by the instructions provided to the jury by the trial court. *See Cooks v. State*, 844 S.W.2d 697, 728 (Tex.Crim.App.1992), *cert. denied*, —— U.S. ——, 113 S.Ct. 3048, 125 L.Ed.2d 732 (1993). Point of error two is overruled.

■ Point of error five complains of the admission of State's Exhibit 8 by the trial court. The record reflects that State's Exhibit 8 is a "Guilty Plea Memorandum" that merely contains written admonishment information required to be addressed to a defendant pleading guilty under the terms of TEX. CODE CRIM.PROC.ANN. art. 26.13 (Vernon 1989 & Vernon Supp.1994). Under the mandate of *Grunsfeld v. State*, 843 S.W.2d 521 (Tex. Crim.App.1992), State's Exhibit 8, standing alone, is clearly inadmissible. *Id.* at 523.

Admirably, the State somewhat concedes *Grunsfeld* error and suggests that remand is in order for a new punishment hearing under the auspices of TEX.CODE CRIM.PROC. ANN. art. 44.29(b) (Vernon Supp.1994). We agree.

As the State points out, appellant in the instant case received the maximum sentence permitted by law from the jury. Furthermore, during final punishment argument, the State did mention the unadjudicated offense information contained in State's Exhibit 8. Although the appellant's trial counsel objected to the mention of said unadjudicated offense, with said objection being sustained by the trial court, trial counsel failed to make a request for the trial court to instruct the jury to disregard. At any rate, how could the jury disregard information that was already in evidence through the admission of State's Exhibit 8? We therefore cannot say that the erroneous introduction of State's Exhibit 8 made no contribution to appellant's punishment beyond a reasonable doubt. TEX. R.APP.P. 81(b)(2). Point of error five is sustained and the cause is remanded to the trial court for a new punishment hearing only under the terms of Article 44.29(b). The remaining points of error will not be addressed.[2]

AFFIRMED IN PART; REVERSED AND REMANDED IN PART.

---

2. We note without deciding that certain other punishment exhibits dealing with appellant's prior criminal history may have contained infirmities that, especially under the very confusing punishment record before us, stand a low chance of appellate survival under the dictates of *Grunsfeld*, As the offense date of the instant case occurred prior to the effective date of the newly revised TEX CODE CRIM.PROC ANN. art. 37.07, sec. 3(a) (Vernon Supp.1994), said case will always be controlled by *Grunsfeld*.