# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-01-00425-CR

**Craig Williams, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 167TH JUDICIAL DISTRICT
### NO. 9014060, HONORABLE MICHAEL LYNCH, JUDGE PRESIDING

Appellant Craig Williams appeals from his conviction of the offense of theft of property of the value of $100,000 or more but less than $200,000. *See* Tex. Pen. Code Ann. ' 31.03(a), (b)(1), (e)(6) (West Supp. 2002). The trial court assessed appellant=s punishment, enhanced by prior felony convictions, at imprisonment for fifteen years. On appeal, appellant complains of the admission of hearsay evidence. We will affirm the judgment.

### Facts

It was alleged that appellant,

on or about the 25th day of May A.D. 2000, . . . did then and there unlawfully appropriate, by acquiring and otherwise exercising control over, property, namely, jewelry and diamonds, of the value of $100,000 or more but less than $200,000, from James Doscher, the owner thereof, without the effective consent of the owner and with intent to deprive the owner of the property.

At approximately 11:00 a.m., May 25, 2000, in the Highland Mall in Austin, in the Gurinsky Jewelry Store, two thieves stole loose diamonds and other property. James Doscher, the store manager, and Sally Conlin, a store employee, were waiting on customers at one end of the store. Doscher=s attention was drawn to the other end of the store. He saw a person stand up behind the counter which held loose diamonds. Doscher asked the man what he was doing and the man said that he had dropped a quarter. Doscher told the man to get out from behind the counter. A second man stood up behind the counter. This man was carrying a blue and white Foley=s shopping bag. When Doscher asked the second man what he had in the bag, the man replied, ANone of your business.@ Both men then walked rapidly out of the store into the mall and then started to run. Doscher got the attention of security officer Mike Calvery. Together the two men ran after the thieves. At a mall entrance, Doscher and Calvery met a young man who told them that he had seen two black males, one of whom was carrying a Foley=s shopping bag, get into a white car. The witness was able to get the license plate number of the white car and he gave it to Doscher and Calvery. Doscher later gave the license plate number to police.

Doscher testified that the door to one of the jewelry cases had been lifted off its track and shoved in so that the robbers were able to reach in and take the merchandise. The door to another display case was unlocked and items were also removed from that case. Doscher testified that twenty-six loose diamonds and some platinum mountings were taken from the cases. The total retail value of the diamonds taken was $140,995. Doscher testified that he had a greater right to possession of the diamonds and mountings than appellant. He also testified that he did not give anyone consent to take the items.

Doscher testified that he was shown two photo lineups. In the first lineup, he picked out person number four as the person carrying the shopping bag. In the second lineup, he identified person number five as the first person he saw stand up behind the counter. Testimony by Detective Gina Mach established that person number four in State=s Exhibit 9 was appellant and person number five in State=s Exhibit 10 was Sammy Shelly.

Ray Anderson, the general manager of Gurinsky=s Jewelry, testified that the day before the theft, he had been working a shift at the store. During his shift several people came into the store to look at watches. At one point during their conversation, one person pulled out a roll of money and laid two or three $100 bills on the counter as if to demonstrate that he had the ability to purchase something. Anderson testified that he felt this was unusual behavior. When police later showed him the two photo lineups several days after the theft, he identified appellant, person number four in State=s Exhibit 9, as the person who had been in the store the day before the theft and had displayed the $100 bills.

Police traced the license plate number of the car and found that the car was owned by Alamo Car Rental. The contract for the car rental showed that appellant and his friend, Sammy Shelly, rented the car.

David Hicks, a convicted felon and a former inmate of the Travis County jail, testified that while he was jailed at the Travis County Correctional Center in Del Valle, he was in the cell next to appellant. He had conversations with appellant in which appellant voiced concern about an ATM machine at the mall. Appellant wondered if the ATM machine had a camera which could place him at the mall on the day of the robbery and at about the same time as the robbery. Hicks also testified that appellant told him

3

that a friend of his had the diamonds that were stolen from the store and appellant was upset because this friend would not help him out with either bail or hiring an attorney. Appellant also told Hicks that the locks on the cases were pretty cheap and it was easy to get into them. Finally, appellant told Hicks that his family was going to testify that on the day of the robbery he was at his child=s graduation.

The defense presented several alibi witnesses who testified that on the morning of May 25, 2000, appellant was attending his daughter=s pre-K graduation ceremony in Houston.

In his points of error, appellant asserts that the trial court erred in overruling his hearsay objections to the testimony of store manager James Doscher and security guard Mike Calvery that an unnamed person gave them the license plate number of the vehicle in which the suspects fled.

Doscher testified:

A: The security guard and myself then went running after the two suspects. We went up the escalator out the one entrance. There was another security guard outside. We were told that nobody had gone out that way. We backtracked and went out the opposite entrance where we were met by a young gentlemen who asked us if we were chasing two black males carrying --

[Defense Counsel]: Objection. Judge, this is hearsay.

After a colloquy between the court and counsel, the trial court admitted the hearsay testimony as a present sense impression exception to the hearsay rule.

Q: With regards to that individual, did he relay some information to you with regards to his observations?

A: Yes, ma=am.

4

Q: Okay. And with regards to his observations, what did he tell you that he had observed?

A: Two black males getting into a white car, the one black male carrying a blue and white Foley=s shopping bag.

Q: And did he have the opportunity or did he relay to you any opportunity to observe the license plate of that car?

A: Yes, he had written down the license plate number. He told the mall security officer and myself that he didn=t want to give it to us in that particular spot and we walked around to where it was a little more of a discreet location because the gentleman said he did not want to get involved.

Q: Okay. And this blue and white Foley=s bag, what kind of Foley=s bag did you notice this second individual in the store to be carrying?

A: A paper blue and white Foley=s shopping bag.

Q: Did that seem to match the two individuals that you had observed?

A: Yes, ma=am.

Q: Did you or the security guard get the license plate number from that individual?

A: The security guard wrote it down and at a later time he handed me the piece of paper that I ended up giving to the first officer that was on the scene.


Calvery testified:


Q: What did you do next?

A: Mr. Doscher and myself went out of their store, proceeded on to the east Foley=s wing of Foley=s and went up the escalator and began searching for the two suspects.

Q: Were you able to find either of the two suspects?

A: No, sir.
Q: Did you encounter anyone who may have given you some additional information?

A: A gentleman walked in from the south entrance of the main mall . . . and asked us if we were looking for two black males carrying a Foley=s bag.

Q: And did that gentleman relay some information to you about some observations that he had just made?

[Defense Counsel]: Judge, at this time I=m going to renew my earlier objections as to hearsay.

THE COURT: Overruled.

Q: I=ll ask the question again. Did that gentleman that approached you relay any information to you about some observations that he had made?

A: He stated, he gave us a brief description of the individuals and stated to me that it seemed like they were in a hurry and he just happened to get the license plate number of the vehicle they took off in.

Q: Did he give the license plate number to you?

A: Yes, he did.

Q: You said he gave you a brief description. Do you recall what that description was?

A: Basically it was two black males carrying a Foley=s bag.

Q: Two black males and one of them was carrying a Foley=s bag?

A: Correct.

Q: Did you ask this gentleman for his name and identifying information?

A: I tried to get his information as much as possible and he refused.

Q: He refused. Did he give you a reason for not giving it to you?

A: He advised me that he didn=t want to really get involved and he was leery about people seen with me giving out information.

Q: Did he seem scared to give that information to you?

6

A: He was a little bit nervous.

Q: What did you do after he gave you this information? And particularly, what did you do with the license plate number?

A: I gave it to Mr. Doscher and advised him to go ahead and give it to the police department.

Both witnesses, over objection, gave hearsay testimony. The issue presented is whether the testimony of the two witnesses qualified as a present sense impression exception to the hearsay rule.

**Rule 803. Hearsay Exceptions; Availability of Declarant Immaterial**

The following are not excluded by the hearsay rule, even though the declarant is available as a witness:

**(1) Present sense impression**. A statement describing or explaining an event or condition made while the declarant was perceiving the event or condition, or immediately thereafter.

Tex. R. Evid. 803(1). More specifically, the issue here is whether the declarant *immediately* after perceiving an event described that event to the witnesses. If the declarant=s description of the event was made to the witnesses immediately after he perceived the event, the testimony of the witnesses was admissible as an exception to the hearsay rule.

An appellate court reviews a trial court=s decision to admit or exclude evidence under an abuse of discretion standard. *See Weatherred v. State*, 15 S.W.3d 540, 542 (Tex. Crim. App. 2000); *Green v. State*, 934 S.W.2d 92, 101-102 (Tex. Crim. App. 1996); *Lawton v. State*, 913 S.W.2d 542, 553 (Tex. Crim. App. 1995). A reviewing court should not reverse a trial court=s ruling that is within the

7

zone of reasonable disagreement. *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim. App. 1990); *see also Weatherred*, 15 S.W.3d at 542; *Green*, 934 S.W.2d at 101-102.

In his argument, appellant insists there are three reasons why the testimony about which he complains does not qualify as a present sense impression exception to the hearsay rule. First, appellant argues that there is no evidence that the declarant described the event he had witnessed *immediately* after he observed the event.

The present sense impression exception to the hearsay rule is based upon the underlying premise that the contemporaneity of the event and the declaration ensures reliability of the statement. *Brooks v. State*, 990 S.W.2d 278, 287 (Tex. Crim. App. 1999). The closer the declaration is to the event the less likely there will be a calculated misstatement. *Id*.

> The rationale for the exception stems from the statement=s contemporaneity, not its spontaneity, as one commentator has noted:

> > If a person observes some situation or happening which is not at all startling or shocking in its nature, nor actually producing excitement in the observer, the observer may yet have occasion to comment on what he sees (or learns from other senses) *at the very time that he is receiving the impression*. Such a comment, as to a situation then before the declarant, does not have the safeguard of impulse, emotion, or excitement, but there are other safeguards. In the first place, the report at the moment of the thing then seen, heard, etc., is safe from any error from defect of *memory* of the declarant. Secondly, there is little or no *time* for calculated misstatement, and thirdly, the statement will usually be made to another (the witness who reports it) who would have equal opportunities to observe and hence to check a misstatement. Consequently, it is believed that such comments, strictly limited to reports of *present* sense-impressions, have such exceptional reliability as to warrant their inclusion within the hearsay exception for Spontaneous Declarations.

8

Ray, 1A Texas Practice, Law of Evidence ' 916, at 158-59 (3d ed. 1980) (emphasis in original).

*Rabbani v. State*, 847 S.W.2d 555, 560 (Tex. Crim. App. 1992).

In *Harris v. State*, 736 S.W.2d 166 (Tex. App.CHouston [14th Dist.] 1987, no pet.), the passage of thirty minutes between the time the declarant perceived the event and made a statement describing that event was not too long to qualify the declarant=s statement as a present sense impression exception to the hearsay rule. *Id*. at 167.

When a declarant made his statement within four to six minutes after the event, the trial court could reasonably have concluded that there was little opportunity for the declarant to make a calculated misstatement of the event he witnessed; the statement was admissible as a present sense impression. *Kubin v. State*, 868 S.W.2d 394, 396 (Tex. App.CHouston [1st Dist.] 1987, no pet.).

Appellant cites *Beauchamp v. State*, 870 S.W.2d 649 (Tex. App.CEl Paso 1994, pet. ref=d), where the court stated: AWe do not believe that a statement of *opinion* about a condition or event, as opposed to a statement of description or explanation about something observed or otherwise sensed, qualifies as a present sense impression.@ *Id*. at 652. Appellant also cites *Cardenas v. State*, 787 S.W.2d 160, 162 (Tex. App.CHouston [1st Dist.] 1990, pet. ref=d). In *Cardenas*, a statement did not qualify under the present sense impression exception to the hearsay rule when the declarant=s statement was made on the same day as the shooting in response to police interrogation through an interpreter. *Beauchamp* and *Cardenas* are distinguishable on their facts from the case at hand.

Here, the record does not show the precise time in minutes between the declarant=s seeing the two men with a shopping bag escaping in a white car with a license plate number he copied and his

9

description of the event to Doscher and Calvery. However, the record shows that Doscher and Calvery were in pursuit of the thieves as they fled through the shopping mall and Doscher and Calvery met the declarant as he entered the mall after observing the event he described. Considering these and other facts and circumstances we have already summarized, the trial court could reasonably conclude that there was little opportunity for the declarant to make a calculated misstatement of the event he witnessed, and that the declarant made the statement and furnished the license plate number immediately after he witnessed the event. The trial court did not abuse its discretion in admitting the declaration as a present sense impression exception to the hearsay rule. *See* Tex. R. Evid. 803(1).

Second, appellant argues that the trial court should not have admitted Doscher=s and Calvery=s testimony because they did not observe the event seen by the declarant. AContemporaneity of the event and the declaration, by itself, should be sufficient guarantee for admissibility. Rule 803(1) does not require that the witness have had an opportunity to observe and check what the declarant describes.@ 2 Steven Goode et al., *Texas Practice: Guide to the Texas Rules of Evidence: Civil and Criminal* ' 803.2 (2d ed. 1993 & Supp. 2001) (citing AGraham, *Handbook of Federal Evidence* ' 803.1 (3d ed. 1991); McCormick, *Evidence* ' 271 (4th ed. 1992); Weinstein=s *Evidence* ' 803(1) [01]).@ *See also* Cathleen C. Herasimchuk*, Texas Rules of Evidence Handbook*, pp. 772-774 (3d ed., 1998 update); *Texas Practice Series*, 2 A Steven Goode et al.: *Courtroom Handbook on Texas Evidence*, Rule 803(1) (2002 ed.) (Rule 803(1) does not require that witness who recounts  hearsay utterance have had opportunity to observe and check what declarant describes.).

10

There are cases in which present sense impression evidence has been held admissible when the witness did not observe the event described by the declarant. *See Brooks*, 990 S.W.2d 278 at 286-87; *Rabbani*, 847 S.W.2d at 560 n.9. That Doscher and Calvery did not observe the event related to them by the declarant did not render the complained of evidence inadmissible.

Third, appellant argues that a statement made by an anonymous person cannot qualify as a present sense impression exception to the hearsay rule. Appellant=s argument is based on his diligent search and failure to find any case upholding the admission of hearsay evidence under the present sense impression exception when the declarant was anonymous.

However, there appears to be at least one case upholding the admission of hearsay evidence under the present sense impression exception when the declarants were unidentified. *See Green v. State*, 876 S.W.2d 226 (Tex. App.CBeaumont 1994, no pet.). In *Green*, a police officer testified, over objection, to a statement Aattributed to two unnamed bystanders@ that Athe man in the brown trench coat was shooting.@ *Id*. at 227. The reviewing court said:

> The record reflects that Officer Chatelain responded quickly to the gunshot occurring only a block away. The two witnesses were running from the direction of the gunshot. They were obviously describing an event that they had perceived almost immediately before encountering Officer Chatelain. Sufficient reliability existed for the statement to be admitted under the hearsay exception of Rule 803(1).

*Id*. at 228.

Appellant also argues that because the declarant was unidentified, Athere is no way for the defense to question the motivation of the declarant in making such an observation about the license plate

11

number.@  Appellant urges that the inability to question the declarant deprived him of his right to cross-examine and confront the declarant as guaranteed by the Sixth Amendment to the United States Constitution.  The exception for present sense impression is a firmly-rooted exception to the hearsay rule recognized by Federal Rule of Evidence 803(1) and by Texas Rule of Evidence 803(1).  Where proffered hearsay has sufficient guarantees of reliability to come within a firmly rooted exception to the hearsay rule, the Confrontation Clause is satisfied.  *White v. Illinois*, 502 US. 346, 356 (1992).

The trial court did not abuse its discretion in admitting Doscher=s and Calvery=s testimony as a present sense impression exception to the hearsay rule.  Appellant=s points of error are overruled.

The judgment is affirmed.

Carl E. F. Dally, Justice

Before Justices Kidd, Puryear and Dally[*]

Affirmed

Filed:   July 26, 2002

Do Not Publish

---

[*]  Before Carl E. F. Dally, Judge (retired), Court of Criminal Appeals, sitting by assignment.  *See* Tex. Gov=t Code Ann. ' 74.003(b) (West 1998).