Affirmed and Memorandum Opinion filed December 18, 2008








Affirmed and Memorandum Opinion filed December 18, 2008.

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-07-00800-CR

_______________

 

JAIME NOEL CHARLES, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

                                                                                                                                                

On Appeal from the 434th District Court

Fort Bend County, Texas

Trial Court Cause No. 42,547

                                                                                                                                               


 

M E M O R A N D U M   O P I N I O N

Appellant Jaime Noel Charles
challenges his conviction following a jury trial for arson of a habitation. 
The trial court assessed punishment at confinement for 40 years.  Appellant
contends that the trial court erred by (1) excluding exculpatory testimony from
a co-defendant; (2) excluding evidence contained within the fire investigator=s case presentation packet (ADA packet@); (3) refusing appellant=s requested jury instruction that one
State witness was an accomplice as a matter of law; and (4) denying appellant=s motion for directed verdict.  We
affirm.

 








Background

On December 28, 2002, Deputy
Constable Jenny Robles was on routine patrol in Sugar Land when she was
dispatched at approximately 11:40 p.m. to 1903 Auburn Trails in the Greatwood
subdivision in response to an alarm.  When Robles arrived at that address, she
saw smoke coming from the back of the home located there.  Robles also noticed
the back yard gate was open, and she entered to investigate.  Once in the back
yard, Robles saw flames and smoke coming from the home; she then notified her dispatcher
to send firefighters and attempted to evacuate nearby homes.

Firefighters arrived within minutes
and immediately searched the home.  Firefighters determined that no one was
inside, so they began fighting the fire and spraying water on nearby homes to
keep the fire from spreading.  Two firefighters suffered minor injuries while
extinguishing the fire, and the home suffered extensive fire, smoke, and water
damage.

Investigators determined that the
fire was the result of arson, with two different points of origin. 
Investigator Robert Baker asked the homeowners, Melody and Charles Bentley, if
they had any idea who may have started the fire.  The Bentleys gave
Investigator Baker the name of Jonathan Silva, their teenage daughter=s one-time boyfriend.  After several
weeks of investigation, Baker was unable to collect enough evidence to charge
Silva or anyone else with the arson.

In May 2005, an individual contacted
the Fort Bend Sheriff=s Department and implicated Silva, appellant, and Jason
DeLuna in the arson.  DeLuna was Silva=s cousin, and appellant was a friend
of Silva and DeLuna.  Investigator Baker contacted DeLuna and arranged a meeting
with him to discuss the arson.








During his meeting with Investigator
Baker, DeLuna cooperated fully in the investigation and provided details and
observations regarding the arson.  DeLuna told Investigator Baker that he had
been shooting pool, drinking, and smoking marijuana with Silva and appellant on
the afternoon of December 28, 2002.  Later that day, he drove Silva and
appellant to Greatwood subdivision, dropped them off, drove around for a few
minutes, and then picked them up.  DeLuna told Investigator Baker that Silva
and appellant used gasoline to start the fire, and that appellant cut his hand
while breaking a window to pour gasoline into the home to start the fire.

Investigator Baker then went to speak
with appellant about the fire.  Once Investigator Baker mentioned the subject
of his inquiry, appellant pulled his hands from Baker=s view.  Despite appellant=s movements, Investigator Baker saw a
scar on appellant=s hand which was consistent with DeLuna=s description.  Investigator Baker
never supplemented his original offense report to reflect the information about
the scar on appellant=s hand supplied by DeLuna in 2005.  Jonathan Silva refused to
meet with Investigator Baker to discuss the fire.

DeLuna testified at trial that he did
not know of any plan by Silva or appellant to commit arson beforehand, and that
he did not take Silva seriously earlier in the afternoon when he had mentioned
wanting to burn down the Bentleys= home because Silva was intoxicated
when he made those statements.  DeLuna testified that he never saw Silva or
appellant carrying any containers of gasoline, but he could smell gasoline once
they got back in the car at Greatwood.  DeLuna testified that he believed Silva
and appellant had set the fire once he saw flames lighting up the sky shortly
after they returned to the car.  DeLuna testified that he did not call the
police because he was scared and did not want to get Silva or appellant in
trouble.  

DeLuna also testified that appellant
had a cut on his right hand, which he helped appellant clean when they returned
to DeLuna=s home.  DeLuna described glass in the wound, and stated that appellant
told him he got the cut from breaking a window.  DeLuna testified Silva then
told him that appellant punched out a window at the house so Silva could pour
gasoline inside.

Appellant offered no evidence or
witness testimony in his defense.  Appellant did not dispute that the Bentleys= home was destroyed by arson, but
asserted that the fire was ignited by Silva and DeLuna. 

 








Analysis

Appellant challenges the trial court=s exclusion of (1) exculpatory
testimony from Silva that appellant asserts is admissible as a statement
against Silva=s penal interest; and (2) certain evidence contained within the DA packet
that appellant claims establishes DeLuna as a co-defendant.  Appellant also
challenges the trial court=s refusal to instruct the jury that DeLuna was an accomplice
as a matter of law.  Additionally, appellant challenges the trial court=s denial of his motion for a directed
verdict.

I.          Exclusion
of Silva=s Exculpatory Testimony

Appellant challenges the trial court=s exclusion of exculpatory testimony
from co-defendant Jonathan Silva as hearsay.  We review a trial court=s ruling on admission of evidence for
abuse of discretion.  Willover v. State, 70 S.W.3d 841, 845 (Tex. Crim.
App. 2002).  A trial court abuses its discretion when its decision lies outside
the zone of reasonable disagreement.  Green v. State, 934 S.W.2d 92,
101-02 (Tex. Crim. App. 1996).

The dispute here focuses on the
hearsay rule, an established evidentiary rule trial courts may invoke to
exclude otherwise relevant and admissible evidence.  See Tex. R. Evid.
802.  The rule is applied equally to the State and to the appellant, and is not
arbitrary in its exclusion of defense evidence; rather, the rule exists to
ensure the reliability of the statements introduced into evidence by both sides. 
See Green v. State, 876 S.W.2d 226 (Tex. App.BBeaumont 1994, no pet.).

A statement which, at the time of its
making, tended to subject the declarant to criminal liability may be admissible
in criminal cases only if corroborating circumstances clearly indicate the
trustworthiness of the statement.  Tex. R. Evid. 803(24); see also Woods v.
State, 152 S.W.3d 105, 112 (Tex. Crim. App. 2004) (en banc) (to be
admissible under Rule 803(24), statement must be Aself-inculpatory with corroborating
circumstances to indicate the trustworthiness of the statement.@).  The party seeking to introduce
the hearsay statement into evidence has the burden to clearly prove its
trustworthiness.  See Cofield v. State, 891 S.W.2d 952, 955 (Tex. Crim.
App. 1994) (en banc).








Shortly before trial, Silva
approached the District Attorney=s Office about giving a statement
that would implicate DeLuna and exculpate appellant.  Silva previously pled
guilty and was awaiting sentencing for his participation in the arson. 
Investigator Baker testified, outside the jury=s presence, that the day before trial
_ and nearly five years after the
arson _ Silva told the prosecutor, in
Investigator Baker=s presence, that appellant was driving the car, and dropped
him and DeLuna off in Greatwood.  Silva then stated that he and Deluna ignited
the fire.  Investigator Baker testified further that Silva changed his story during
the meeting with Investigator Baker and the prosecutor to claim that he and
DeLuna drove to Greatwood without appellant, parked, and committed the arson
themselves.  Investigator Baker stated that none of Silva=s statements were made under oath,
and the prosecutor  warned Silva of the potential for aggravated perjury
charges should he testify untruthfully in court. 

Silva previously had refused to give
a statement to law enforcement and came forward only after he pled guilty and
spent time in jail with appellant and members of the Mexican Mafia gang.[1] 
The statements Silva made to Investigator Baker and the prosecutor were
inconsistent with Investigator Baker=s findings and with statements
previously given to Investigator Baker by DeLuna and Deirdre Krejci, Silva=s former girlfriend.  

Krejci=s sworn statement revealed that Silva
threatened to burn her house down after they got into arguments, and that he
bragged to her about how he and appellant set fire to the Bentleys= home and were picked up afterward by
DeLuna.  Krejci=s statement also revealed that Silva told her that he and
appellant broke a window at the back of the house and poured a gasoline mixture
into the house to start the blaze, and that DeLuna asked Silva and appellant
what happened when they entered DeLuna=s car.








We consider several factors in
addressing the trustworthiness of a statement offered under Rule 803(24): (1)
whether the guilt of the declarant is inconsistent with the guilt of appellant;
(2) whether the declarant was so situated that he might have committed the
crime; (3) the timing of the statement; (4) the spontaneity of the statement;
(5) the relationship between the declarant and the party to whom the statement
was made; and (6) the existence of independent corroborative facts.  Woods,
152 S.W.3d at 113.

Applying the Woods factors to
Silva=s unsworn statements in the presence
of the prosecutor and Investigator Baker, we conclude that appellant failed to
show Silva=s statements were trustworthy.  Silva=s guilt is consistent with appellant=s guilt.  Silva admitted that he
committed the arson in this case; he is merely attempting to place blame on a
different co-defendant.  The timing of Silva=s statement _ immediately before appellant=s trial and after spending time in
jail with appellant and members of the Mexican Mafia _ does not enhance its trustworthiness. 
Silva=s declaration was not spontaneous;
rather, he made an appointment to speak with the prosecutor and Investigator
Baker just before appellant=s trial.  Furthermore, the only potentially corroborative
evidence supporting Silva=s statements is DeLuna=s undisputed presence in Greatwood on
the evening of the fire; other evidence in this case contradicts Silva=s unsworn statements.  Under the
circumstances of this case, we cannot say that the trial court abused its
discretion in excluding Silva=s exculpatory statements as hearsay due to their
untrustworthiness.  See id.

We overrule appellant=s issue regarding exclusion of
exculpatory testimony from his co-defendant.[2] 


 








II.        Exclusion
of DA Packet

Appellant also challenges the trial
court=s exclusion of portions of the DA
packet in which DeLuna was designated as a co-defendant of Silva and
appellant.  The trial court excluded these portions of the DA packet on
multiple grounds, including hearsay.  We review the trial court=s ruling excluding this evidence
under the same abuse-of-discretion standard used in Part I.

Hearsay is a statement, other than
one made by the declarant while testifying at trial, offered as evidence to
prove the truth of the matter asserted.  Tex. R. Evid. 801(d).  The APublic Records@ exception to the hearsay rule
specifically excludes Ain criminal cases matters observed by police officers and
other law enforcement personnel.@  Tex. R. Evid. 803(8)(B).

Investigator Baker testified that, in
his position as an arson investigator, he is both a Texas peace officer and a
firefighter.  In addition, Investigator Baker testified that he is a deputized
United States Marshal and member of an Alcohol, Tobacco, and Firearms task
force.  The DA packet included Investigator Baker=s offense report, notes, and other
documents pertaining to his investigation of the arson at the Bentley=s home.  The trial court concluded
that the offered contents of the DA packet were not admissible under Rule
803(8)(B) because they were Aa tract of an investigation@ and therefore fell within the
exclusion of that rule which makes law enforcement reports inadmissible. 
Appellant offers no argument on appeal explaining how the portions of the DA
packet offered are not hearsay or how they would not be inadmissible under Rule
803(8)(B).[3]








In light of Investigator Baker=s status as a law enforcement
official, the plain language of Texas Rules of Evidence 801(d) and 803(8)(B),
and appellant=s failure to provide any argument on appeal refuting the trial court=s classification of the statements
offered from the DA packet as inadmissible hearsay under these rules, we cannot
say that the trial court abused its discretion in excluding those portions of
the DA packet in which DeLuna was designated as a co-defendant.

We overrule appellant=s issue regarding exclusion of
certain portions of the DA packet.

III.       Refusal
to Instruct Jury That DeLuna Was an Accomplice as a Matter of Law

Appellant challenges the trial court=s refusal to instruct the jury that
DeLuna was an accomplice as a matter of law.  Instead, the trial court
instructed the jury that it could consider whether DeLuna was an accomplice as
a matter of fact.  

A person is considered an accomplice
if he or she could be prosecuted for the same offense as the defendant or for a
lesser included offense.  Blake v. State, 971 S.W.2d 451, 454-55 (Tex.
Crim. App. 1998) (en banc).  The test is whether there is sufficient evidence
in the record to support a charge against the witness alleged to be an
accomplice.  Id. at 455.  If the evidence clearly shows that the witness
was an accomplice as a matter of law, the trial court must so instruct the
jury; otherwise, the court should present the matter for consideration by the
jury.  Id.








An accomplice as a matter of law
instruction is proper only if Athere exists no doubt or the evidence clearly shows that a
witness is an accomplice witness as a matter of law.@  Id. (quoting DeBlanc v.
State, 799 S.W.2d 701, 708 (Tex. Crim. App. 1990)).  An accomplice as a
matter of fact instruction is proper when the evidence in the case is
conflicting and it is unclear whether the witness is an accomplice, even if the
evidence favors a conclusion that the witness was an accomplice.  Gamez v.
State, 737 S.W.2d 315, 322 (Tex. Crim. App. 1987).  If a witness=s testimony shows his participation
in an offense but also includes exculpatory assertions, an accomplice as a
matter of fact instruction is proper.  See Marlo v. State, 720 S.W.2d
496, 500-01 (Tex. Crim. App. 1986) (en banc).

Arson of a habitation is committed
when one starts a fire with intent to destroy or damage any habitation knowing
that it is located on property belonging to another.  Tex. Penal Code Ann. _ 28.02(a)(2)(D) (Vernon 2003).

Appellant argues that DeLuna was an accomplice
as a matter of law because (1) Silva commented during the afternoon of December
28, 2002 that he wanted to burn down the Bentleys= home; (2) DeLuna waited in the car
for Silva and appellant to return after dropping them off at Greatwood; (3)
DeLuna realized that Silva and appellant likely set fire to the Bentleys= home shortly after they returned to
the car; (4) DeLuna continued to drive Silva and appellant from the scene of
the fire after realizing they likely set the fire; (5) DeLuna noticed the cut
on appellant=s hand after the fire and assisted in cleaning the wound and removing
glass from it; and (6) DeLuna did not voluntarily report Silva=s and appellant=s involvement in the arson to police.

Appellant=s argument, however, ignores that
arson of a habitation or any lesser included offense requires the element of
intent _ an element that the evidence in this
case does not clearly establish with respect to DeLuna.  Thus, the evidence
would not support the same charge or a lesser included offense against DeLuna. 
Appellant=s argument also overlooks the exculpatory testimony offered by DeLuna
that he had no role in starting the fire; he did not take Silva=s statements about wanting to burn
down the Bentleys= home seriously; he did not know of any plan to burn down the
Bentleys= home; and he did not know for
certain that Silva and appellant had set the fire until they admitted to him
that they had done so.








The evidence in this case conflicts
and is therefore unclear regarding whether DeLuna was an accomplice to the
arson involved.  In addition, DeLuna=s testimony _ while establishing that he drove
Silva and appellant to and from the Bentleys= home _ also includes exculpatory
statements.  Under these circumstances, it was appropriate for the trial court
to instruct the jury about accomplice witnesses as a matter of fact rather than
as a matter of law.  We cannot say that the trial court erred in so instructing
the jury.  See Blake, 971 S.W.2d at 454-55; Gamez, 737
S.W.2d at 322; Marlo, 720 S.W.2d at 500-01.

We overrule appellant=s issue regarding the propriety of
instructing the jury about accomplice witnesses as a matter of fact rather than
of law.

IV.       Denial
of Motion for Directed Verdict

Appellant challenges the trial court=s denial of his motion for a directed
verdict at the close of the State=s evidence.  A challenge to the trial
court=s ruling on a motion for a directed
verdict is actually a challenge to the sufficiency of the evidence to support a
conviction.  Cook v. State, 858 S.W.2d 467, 470 (Tex. Crim. App. 1993).

In reviewing legal sufficiency of the
evidence, an appellate court will examine the evidence in the light most
favorable to the State to determine whether any rational finder of fact could
have found the essential elements of the offense beyond a reasonable doubt.  Jackson
v. Virginia, 443 U.S. 307, 319 (1979); Dewberry v. State, 4 S.W.3d
735, 740 (Tex. Crim. App. 1999).  When reviewing legal sufficiency of the
evidence, the court does not sit as a thirteenth juror and may not re-evaluate
the weight and credibility of the record evidence or substitute its judgment
for that of the fact finder.  Dewberry, 4 S.W.3d at 740.

Reconciliation of conflicts in the
evidence is within the exclusive province of the fact finder.  See Mosley v.
State, 983 S.W.2d 249, 254 (Tex. Crim. App. 1998).  The appellate court=s duty is not to reweigh the
evidence, but to serve as a final due process safeguard ensuring only the
rationality of the fact finder.  See Williams v. State, 937 S.W.2d 479,
483 (Tex. Crim. App. 1996).  An appellate court faced with a record of facts
that supports conflicting inferences must presume _ even if not obvious from the record _ that the finder of fact resolved any
such conflicts in favor of the State, and must defer to that resolution.  Jackson,
443 U.S. at 326.








Appellant did not dispute that arson
of a habitation was committed; his defense was that DeLuna assisted Silva in
setting the fire, not him.  Appellant argues that the accomplice witness rule
requires us to ignore DeLuna=s testimony in analyzing the legal sufficiency of the
evidence because there was insufficient non-accomplice evidence to corroborate
this testimony.  See Gill v. State, 873 S.W.2d 45, 48 (Tex. Crim. App.
1994) (en banc).  The accomplice witness rule requires only that there be some
non-accomplice evidence which tends to connect the accused to the
commission of the offense alleged.  Id.  It is not necessary that the
non-accomplice evidence alone be sufficient to establish the accused=s guilt beyond a reasonable doubt,
nor must the non-accomplice evidence directly link the accused to commission of
the offense.  Id.  In determining whether an accomplice=s testimony is corroborated by other
evidence, we review the evidence in the light most favorable to the jury=s verdict.  Id. 

Investigator Baker testified that he
received information in May 2005 implicating Silva, DeLuna, and appellant in
the arson.  Investigator Baker testified that he received information
indicating that appellant cut his hand from breaking a window at the Bentleys= home so that Silva and appellant
could pour gasoline into the home to start the fire.  Investigator Baker
testified that when he met with appellant and told him that he wanted to
question him about the fire, appellant pulled his hands from Investigator Baker=s view.  Investigator Baker testified
that he saw the scar on appellant=s hand, and it was consistent with
the description he had been given.  Appellant displayed the scar to the jury.  

Additionally, Krejci=s sworn statement to Investigator
Baker corroborated DeLuna=s testimony and noted that Silva bragged to her about how he
and appellant set fire to the Bentleys= house.  Even if we were to assume
that DeLuna was an accomplice, the above non-accomplice evidence sufficiently
corroborates his testimony when viewed in the light most favorable to the
verdict; thus, we may consider DeLuna=s testimony in reviewing the legal
sufficiency of the evidence in this case.  See Gill, 873 S.W.2d at 48. 








DeLuna testified that he drove Silva
and appellant to Greatwood subdivision; dropped them off; drove around for a
few minutes; and then picked them up.  DeLuna testified that he smelled
gasoline once Silva and appellant returned to the car, and he realized that
Silva and appellant likely set the Bentleys= house on fire once he saw flames
lighting up the sky after they entered the car.  DeLuna testified that he
assisted appellant in cleaning a cut on his hand once they returned to DeLuna=s home; that the wound contained
glass; and that appellant told him that he sustained the cut when he broke a
window.  DeLuna testified that Silva told him appellant punched out a window at
the Bentleys= house so Silva could pour gasoline inside.  

Viewing the evidence in this case in
the light most favorable to the State, a rational fact finder could have found
beyond a reasonable doubt that appellant ignited the fire at the Bentleys= house.  See Dewberry, 4
S.W.3d at 740.

We overrule appellant=s objection regarding the trial court=s denial of his motion for a directed
verdict.

Conclusion

The trial court=s judgment is affirmed.

 

 

/s/        William J. Boyce

Justice

 

 

 

Judgment rendered and Memorandum
Opinion filed December 18, 2008.

Panel consists of Justices Yates,
Seymore, and Boyce.

Do Not Publish C Tex.
R. App. P. 47.2(b).

 

 









[1]           The record reflects that Silva and
appellant were held in neighboring cells at the Fort Bend County Jail; that
some of their cellmates were high-ranking members in the Mexican Mafia; and
that both Silva and appellant were Aprospectos@ or prospective members of the Mexican Mafia.





[2]           The State also asserts that Silva=s statements were not truly against his penal interest
_ as required by Rule 803(24) _ because Silva already had pleaded guilty and was
merely awaiting sentencing.  In light of our disposition that appellant failed
to prove Silva=s statements to be trustworthy, we do not address this
issue.





[3]           Appellant=s argument on appeal focuses on additional grounds relied upon by the
trial court in excluding the offered portions _
specifically, that this evidence would invade the province of the jury by
commenting on an ultimate fact.  See Tex. R. Evid. 704.  However, Rule
704 requires that the evidence offered be otherwise admissible; such is not the
case here in light of our disposition of the hearsay issue.  See id. 
Because we dispose of appellant=s issue on
hearsay grounds, we do not address this evidence under Rule 704 and express no
opinion regarding its applicability to this evidence.