**Wantanee M. KUBIN, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 01–93–00245–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

Dec. 16, 1993.

Rehearing Denied Jan. 13, 1994.

Jon A. Jaworski, Houston, for appellant.

John B. Holmes, Jr., Dan McCrory, Belinda Beek, Houston, for appellee.

Before HUTSON–DUNN, DUGGAN and ANDELL, JJ.

## OPINION

DUGGAN, Justice.

A jury found appellant, Wantanee M. Kubin, guilty of driving while intoxicated, and the court assessed her punishment at 30 days in the Harris County jail and a $300 fine. We affirm.

On September 6, 1992, appellant was involved in a two-car collision when she made an illegal left turn in front of a car driven by Janises Sanchez. The investigating police officer, Sherman Moore, testified that appellant was still sitting behind the wheel of her vehicle when he arrived at the scene. Officer Moore approached appellant's vehicle, attempted to speak with her, and detected a strong odor of alcoholic beverages on appellant's breath. He also noticed that her eyes were bloodshot, her speech was slurred, and her balance was poor. Appellant declined to take any field sobriety tests, and was placed under arrest for suspicion of DWI. At the police station, she also declined to take a breath test; however, she was videotaped and charged with DWI. The two paramedics who attended appellant at the scene of the accident also testified that, in their opinion, appellant was intoxicated.

At trial, Mr. Sanchez, the driver of the other car involved in the accident, was allowed to testify, over objection, regarding statements made to him at the scene by Mr. Pat Eagan, a witness to the accident. Eagan had been subpoenaed to testify at trial by both parties, but was unable to attend because of illness.

The trial court conducted a hearing to determine whether Sanchez would be allowed to testify about Eagan's statements. Sanchez told the trial judge that Eagan approached him approximately two to three minutes after the accident and told him, "I was following behind her. I saw what happened." Sanchez then asked Eagan to check on appellant and see if she was alright. Eagan returned to Sanchez some two to three minutes later—now approximately four to six minutes after the accident—and told Sanchez that he had been following appellant for approximately one-half mile and that she had been weaving on the road. Eagan also said, "I kind of thought something like this would happen." Finally, Eagan told Sanchez that when he approached appellant in her vehicle, he smelled alcohol on her breath and stated, "She's definitely drunk."

After the hearing, the trial judge ruled that Sanchez (1) could testify about Eagan's statements regarding appellant's erratic driving, but (2) could not testify about Eagan's statement that he had smelled alcohol on appellant's breath after the accident.

Sanchez then testified on direct examination as follows:

Q: Did you talk to somebody who was an eye witness to the accident?

A: Yes, I did.

Q. Okay. When did you talk to him?

A: Right after the accident, after I got out of the car and was approaching Ms. Kubin's car.

Q: Okay. Did this witness approach you or did you approach him?

A: He approached me.

Q: Okay. What did he say when he approached you?

A: He said he had seen the accident and he felt like something like this would have happened.

Q: Did he say when he felt that way?

A: Not immediately he didn't.

Q: Okay. Did he tell you whenever—why he thought this would happen?

A: He had said he had just turned on Underwood, south of the intersection which we were at which is about a quarter to half a mile, and he said he was observing her driving that she had been weaving on the road. He felt like that something like this would have—was going to happen and felt like she might have been intoxicated.

In three related points of error, appellant contends that Eagan's quoted statements, testified to by Sanchez, were hearsay, and were improperly admitted by the trial court. The State responds that the statements were properly admitted as either present sense impressions or excited utterances.

■ A trial court has broad discretion in deciding whether the proper predicate has been laid for the admission of evidence. *Smith v. State*, 683 S.W.2d 393, 404 (Tex. Crim.App.1984). Therefore, we must determine whether the trial court abused its discretion by admitting the quoted testimony.

Appellant contends the testimony is not admissible as a present sense impression because Eagan's statement to Sanchez was not made immediately after Eagan perceived the event. Appellant argues that Eagan did not offer his statements until after he walked over to the car to check on appellant's condition, and that this break in the sequence of events makes the statement inadmissible as a present sense impression.

■ A "present sense impression" is defined as "[a] statement describing or explaining an event or condition made while the declarant was perceiving the event or condition, or *immediately thereafter*." TEX. R.CRIM.EVID. 803(1) (emphasis added). The rationale for the present sense impression exception is: (1) the statement is safe from any error from the defect of memory of the declarant because of its contemporaneous nature, and (2) there is little or no time for a calculated misstatement. *Rabbani v. State*, 847 S.W.2d 555, 560 (Tex.Crim.App.1992), *cert. denied*, —— U.S. ——, 113 S.Ct. 3047, 125 L.Ed.2d 731 (1993).

■ In contrast, an "excited utterance" is defined as "[a] statement relating to a startling event or condition made while the de-

clarant was under the stress of excitement caused by the event or condition." TEX. R.CRIM.EVID. 803(2). Under the excited utterance exception, the element of time is critical, but not controlling. *Hawkins v. State*, 792 S.W.2d 491, 495 (Tex.App.—Houston [1st Dist.] 1990, no pet.). The critical factor is whether the declarant was still dominated by the emotions arising from the exciting or startling event. *Id.*

Though the two exceptions are similar, the contemporaneous requirement is much more important in the present sense impression. Therefore, the first issue this Court must decide is whether Eagan's statements upon perceiving the event were made "immediately thereafter," as required by rule 803(1).

■ Neither the Court of Criminal Appeals, nor the United States Supreme Court has defined what is meant by the term "immediately thereafter." The Advisory Committee Notes to FED.R.EVID. 803(1), which is identical to TEX.R.CRIM.EVID. 803(1), acknowledges that "precise contemporaneity" is often impossible and that a slight time lapse between the event and the statement is allowable. FED.R.EVID. 803(1) advisory committee note. In *Harris v. State*, 736 S.W.2d 166, 167 (Tex.App.—Houston [14th Dist.], no pet.), the court found that the passage of 30 minutes was not too long to qualify the declarant's statement as a present sense impression. Similarly, the United States Court of Appeals for the Seventh Circuit, in applying FED.R.EVID. 803(1), has decided that a lapse of 23 minutes is not too long. *United States v. Blakey*, 607 F.2d 779, 786 (7th Cir.1979). However, the United States Court of Appeals for the Fifth Circuit has held that a lapse of 15 minutes is too long to qualify a statement as a present sense impression. *United States v. Cain*, 587 F.2d 678, 681 (5th Cir.), *cert. denied*, 440 U.S. 975, 99 S.Ct. 1543, 59 L.Ed.2d 793 (1979).

In this case, the declarant made his statements within four to six minutes after the event. The trial court could reasonably have concluded that there was little opportunity for Eagan to make a calculated misstatement of the events he witnessed, and that the additional two to three minutes Eagan spent

walking from his car to appellant's, to check on appellant's condition, did not render his subsequent statements inadmissible. Thus, the trial court did not abuse its discretion in finding that the contemporaneous requirement of rule 803(1) was fulfilled. Because Eagan's statements related to *his perception of appellant's driving skills as he was following her,* and were made within minutes after witnessing them, the statements are admissible as present sense impressions.

Appellant also contends that Eagan's statements were not admissible as excited utterances, because the record does not reflect that Eagan was excited when the statements were made. However, because we have determined that the statements were admissible as present sense impressions, we need not address this issue. Appellant's first two points of error are overruled.

In his third point of error, appellant contends that Eagan's statements regarding appellant's intoxication were also inadmissible as either excited utterances or present sense impressions. Appellant contends that Eagan did not form his belief that appellant was intoxicated until after he approached her in the car and smelled alcohol on her breath. However, the trial judge stated that he concluded that this statement, i.e., that Eagan "felt like she might have been intoxicated," related to Eagan's perception of appellant as he watched her erratic driving. We cannot say that the trial court's conclusion was in error. Therefore, Eagan's statement regarding appellant's apparent intoxication, like his statements regarding her driving skills, was admissible as Eagan's present sense impression. Appellant's third point of error is overruled.

The judgment of the trial court is affirmed.