Opinion issued May 27, 2004



 




  







In The
Court of Appeals
For The
First District of Texas




NO. 01-02-01242-CR




JOHN STARK ECK, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from County Criminal Court At Law No. 12
Harris County, Texas
Trial Court Cause No. 1101057




MEMORANDUM OPINION

          A jury found appellant, John Stark Eck, guilty of assault. The trial court
assessed punishment at confinement for one year, but suspended the sentence and
placed appellant on community supervision for one year. The court also imposed an
$800 fine. On appeal, appellant contends that (1) the trial court erred in admitting
hearsay statements as excited utterances; (2) the evidence at trial was legally and
factually insufficient to convict him of assault; and (3) the trial court gave an
erroneous jury instruction on self-defense.
          We affirm.
Facts and Procedural History
          At trial, the State predominantly relied on the testimony of Lakeview Police
Officer C. Hendricks. Kathleen Eck, complainant, did not appear at the trial. 
          According to Officer Hendricks’s testimony, on February 12, 2002, he
responded to a 911 call regarding a domestic disturbance at appellant’s house. When
Officer Hendricks arrived at the house, appellant answered the door and
acknowledged that his wife, complainant, had called 911. As Officer Hendricks
entered the foyer, complainant emerged from an adjoining bathroom in which she had
locked herself. 
          Complainant was still talking to the 911 operator as she entered the foyer and
Officer Hendricks could see that she was upset and crying; her hair was disheveled;
her eyes were red; her nose was running; and, she had urinated on herself. 
Furthermore, complainant had red finger marks on her neck that appeared to be the 
 
result of “throttling.” She also had a red mark on her sternum and a scratch behind
her ear. Appellant had fresh, “thumbnail-type” scratches on the inside of his wrists.
          During the course of Officer Hendricks’ investigation, complainant remained
emotional. Officer Hendricks described her behavior as varying between “being very
upset to almost not being able to communicate with me.”
          At trial, Officer Hendricks testified as to numerous remarks made by 
complainant during the course of his investigation. The trial court admitted the
testimony concerning complainant’s statements under the excited utterance exception
to the hearsay rule. Specifically, Officer Hendricks testified that complainant stated
she and appellant had begun to argue while preparing lunch. As the argument
progressed, complainant became increasingly hostile, eventually sweeping the dishes
and food off the dining-room table. When appellant attempted to leave, she attacked
appellant, ripping his shirt. When appellant went upstairs to change his shirt,
complainant followed him and continued the argument. While upstairs, appellant 
grabbed complainant, threw her down, put his knee on her chest and choked her until
she urinated on herself.
Hearsay Testimony
          In his first point of error, appellant asserts that the trial court erred in admitting
Officer Hendricks’ testimony concerning the statements made by complainant.
Specifically, appellant asserts that the trial court erred in finding the statements
admissible as excited utterances.
          We review a trial court’s decision to admit or exclude hearsay evidence under
an abuse of discretion standard. Coffin v. State, 885 S.W.2d 140, 149 (Tex. Crim.
App. 1994). A trial court has broad discretion in determining whether evidence is
admissible as an exception to the hearsay exclusionary rule. See Kubin v. State, 868
S.W.2d 394, 396 (Tex. App.—Houston [1st Dist.] 1993, pet. ref’d). The trial court’s
ruling will not be reversed as long as it is within the “zone of reasonable
disagreement.” Couchman v. State, 3 S.W.3d 155, 158 (Tex. App.—Fort Worth
1999, pet. ref’d).
          An excited utterance is a statement that relates to a startling event or condition
and that is made while the declarant is under the stress of excitement caused by the
event or condition. Tex. R. Evid. 803(2). An excited utterance is not subject to the
exclusionary rule generally applicable to hearsay testimony. See Tex. R. Evid. 803.
          The excited utterance exception is based on the premise that, when a person is
in the instant grip of violent emotion, excitement or pain, he ordinarily loses the
capacity for reflection necessary to the fabrication of a falsehood. Zuliani v. State,
97 S.W.3d 589, 595 (Tex. Crim. App. 2003). Thus, the statement is trustworthy
because it represents an event speaking through the person rather than the person
speaking about the event. Id. The critical determination is whether the declarant was
still dominated by the emotions, excitement, fear, or pain of the event or condition at
the time of the statement. Id. at 596. The length of time between the occurrence and
the statement, and whether the statement was made in response to questioning, are
factors to consider but are not necessarily dispositive. Id. at 595-96.
          In the instant case, the statements of complainant to which Officer Hendricks
testified were made just minutes after a physical altercation between her and
appellant. This altercation was such that complainant had marks on her neck and
chest and had urinated on herself. Officer Hendricks described complainant as upset
and crying; her hair was disheveled; her eyes were red; and her nose was running. He
further described complainant’s behavior as erratic and as “being very upset to almost
not being able to communicate with me.”
          We conclude that the trial court could have reasonably determined that
complainant was still dominated by the emotions, excitement, fear, or pain of the
altercation when making the statements of which Officer Hendricks testified. Thus,
we hold that the trial court did not abuse its discretion in allowing the testimony.
          We overrule appellant’s first point of error. 
Sufficiency of the Evidence
          In his second and third points of error, appellant asserts that the evidence was
legally and factually insufficient to convict him of assault. Specifically, appellant
asserts that the evidence was insufficient to support the jury’s rejection of his self-defense theory.
A.      Standards of Review
          In reviewing the legal sufficiency of evidence to support rejection of a defense
such as self-defense, we examine all of the evidence in the light most favorable to the
verdict to determine whether any rational trier of fact could have found the essential
elements of the offense and also could have found beyond a reasonable doubt against
the defendant on the self-defense issue. Saxton v. State, 804 S.W.2d 910, 914 (Tex.
Crim. App. 1991). The defendant has the burden of producing some evidence to
support the claim of self-defense. Zuliani v. State, 97 S.W.3d 589, 594 (Tex. Crim.
App. 2003). Once the defendant produces such evidence, the State has the burden of
disproving the defense. Id. The burden of persuasion does not require the State to
produce evidence; rather, it requires only that the State prove its case beyond a
reasonable doubt. Id. When the jury finds the defendant guilty, it implicitly finds
against the defensive theory. Id.
          In reviewing the factual sufficiency of evidence to support rejection of a
defense such as self-defense, we examine all of the evidence neutrally to determine 
whether the State’s evidence, if taken alone, is too weak to support the finding and
whether the proof of guilt, although adequate if taken alone, is against the great
weight and preponderance of the evidence. Id. at 594-95. The jury is the sole judge
of the facts, the witnesses’ credibility, and the weight to be given to the evidence. 
Johnson v. State, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000). Thus, in conducting our 
analysis, we must defer to the trier of fact’s determination concerning the weight
given contradictory evidence. See Cain v. State, 958 S.W.2d 404, 407 (Tex. Crim.
App. 1997).
B.      Assault and Self-Defense
          A person commits the offense of assault if that person intentionally, knowingly,
or recklessly causes bodily injury to another, including the person’s spouse. Tex.
Penal Code Ann. § 22.01 (Vernon 2003).
          In regard to self-defense, a person is justified in using force against another
when and to the degree he reasonably believes the force is immediately necessary to
protect himself against the other’s use or attempted use of force. Tex. Penal Code
Ann. § 9.31(a) (Vernon 2003). A reasonable belief is a belief that would be held by
an ordinary and prudent man in the same circumstances as the actor. Tex. Penal
Code Ann. § 1.07(42) (Vernon Supp. 2004). Actual danger is not required; rather,
as long as a defendant’s belief is reasonable, he is entitled to use force to protect
against an apparent danger. Jones v. State, 544 S.W.2d 139, 142 (Tex. Crim. App.
1976).
C.      Legal Sufficiency of Evidence
          The testimonial evidence that appellant choked complainant by the neck was
supported by pictures of complainant taken shortly after the altercation, showing
considerable bruising around complainant’s neck, as well as a scratch behind her ear
and a bruise on her chest. The State also presented evidence that complainant was
choked to the point where she lost control of her bladder and urinated on herself. 
Further evidence was presented indicating that appellant had fresh, “thumb nail” type
scratches on the inside of his wrists. Thus, we conclude that the evidence, as viewed
in the light most favorable to the verdict, was such that a reasonable juror could have
found the essential elements of assault, beyond a reasonable doubt.
          Appellant asserts, however, that his actions were justified because he acted in
self-defense. The evidence indicates that complainant initiated the argument. It also
indicates that she was the first person to become physically violent. Nevertheless, the
jury was free to determine that the degree of force used by appellant in reciprocation
of complainant’s hostility was more than immediately necessary to protect himself. 
By rejecting appellant’s self-defense claim, the jury implicitly found that the force
used by appellant was excessive. Thus, we hold that the evidence, as viewed in the
light most favorable to the verdict, is such that a reasonable juror could have rejected
appellant’s self-defense claim. 
          We overrule appellant’s second point of error.
D.      Factual Sufficiency of Evidence
          The State presented evidence that complainant had bruises around her neck and
throat. It further presented the testimony of Officer Hendricks conveying that
complainant was upset, disheveled, soaked in her own urine and crying when he
arrived at the house. Hendricks further testified that complainant stated that “He
[appellant] grabbed me, threw me on the ground, put his knee on my chest, started
choking me, and I peed on myself.” 
          To support his self-defense claim, appellant presented evidence that
complainant precipitated the argument that led to the assault and testified that his only
physical act against her was to grab her by the neck and push her to the ground in an
effort to extricate himself from the violent and escalating argument. Because
appellant was the only person who testified as to the events of the actual altercation,
the jury’s evaluation of his credibility was crucial to its verdict. When a jury’s
determination depends primarily on its evaluation of the witnesses’ demeanor and
credibility, it is entitled to almost total deference. Johnson, 23 S.W.3d at 8-9. 
Ultimately, the jury was free to reject appellant’s claim that he merely pushed
complainant by the neck, instead finding that he choked her causing her bruising and
resulting in her losing control of her bladder. In doing so, the jury could have
reasonably determined that the force used by appellant was more than necessary to
protect himself from whatever threat complainant posed. Viewing all the evidence
in a neutral light, we hold that the State’s evidence, if taken alone, is not so weak that
it fails to support a finding of guilt; nor is it so weak that it fails to support the jury’s 
 
 
rejection of appellant’s claim of self-defense. We further hold that appellant has
failed to demonstrate that the proof of guilt is against the great weight and
preponderance of the evidence.
          We overrule appellant’s third point of error.
Jury Instruction
          In his fourth point of error, appellant contends that the trial court erred in
incorrectly instructing the jury that his right to act in self-defense must be based on
a fear of bodily injury—as Penal Code subsection 9.31(a)


 allows one to act in self-defense merely upon the use or attempted use of unlawful force. Specifically, the trial
court charged the jury as follows:
Upon the law of self-defense, you are instructed that a person is justified
in using force against another when and to the degree the person
believes the force is immediately necessary to protect himself against the
other person’s use or attempted use of unlawful force. Verbal
provocation alone is not a defense.
 
When a person is attacked with unlawful force, or he reasonably
believes he is under attack with unlawful force, and there is created in
the mind of such person a reasonable expectation or fear of some bodily
injury, then the law excuses or justifies such person in resorting to force
to the degree that he reasonably believes is immediately necessary,
viewed from his standpoint at the time, to protect himself from attack or
attempted attack. It is not necessary that there be an actual attack, as a
person has a right to defend himself from apparent danger as fully and
to the same extent as he would had the danger been real, provided that 
he acted upon a reasonable apprehension of danger, as it appeared to
him at the time, and that he reasonably believed such force was
immediately necessary to protect himself against the other person’s use
or attempted use of unlawful force.

(Emphasis added). Thus, appellant contends that the “fear of some bodily injury”
language imposed an additional element not required by subsection 9.31(a).
          When we review the charge to the jury, our first inquiry is whether the alleged
error was preserved. If so, any harm, regardless of the degree, is sufficient to require
reversal of the conviction. Almanza v. State, 686 S.W.2d 157, 171 (Tex. Crim. App.
1984). Error is harmful if, looking at the entire jury charge, and the trial as a whole,
it is calculated to injure the rights of the defendant. Id. If the alleged error was not
preserved, however, the defendant must show that the harm was “egregious,” or so
harmful that the defendant was denied “a fair and impartial trial.” Id. at 171-72. 
          Appellant failed to preserve error by objection at trial. Thus, he must
demonstrate that any harm caused by the complained-of error was “egregious.” We
find that he has failed to do so.
          In the instant case, “bodily injury” was defined in the jury charge as “physical
pain, illness or any impairment of physical condition.” The evidence presented by
appellant of complainant’s unlawful force included (1) her striking him, (2) her
ripping his shirt, and (3) her grabbing onto his leg as he attempted to leave. This
evidence was uncontroverted. Although Penal Code subsection 9.31(a) does not
require a reasonable expectation or fear of some bodily injury, Tex. Pen. Code Ann.
§ 9.31(a), because the evidence was uncontroverted that complainant had not only
attacked appellant, but had struck him so that he had a reasonable expectation or fear
of some bodily injury, the erroneous jury instruction did not raise appellant’s burden
and thus did not cause appellant any harm. See Zuliani v. State, 52 S.W.3d 825, 831-32 (Tex. App.—Austin 2001), rev’d on other grounds, 97 S.W.3d 589 (Tex. Crim.
App. 2003). On these facts, we hold that appellant has failed to show that the
erroneous jury instruction caused egregious harm. 
          We overrule appellant’s fourth point of error.
Conclusion
          We affirm the judgment of the trial court.
 
 

                                                             Laura Carter Higley
                                                             Justice
 
Panel consists of Justices Taft, Hanks, and Higley.
Do not publish. Tex. R. App. P. 47.2(b).