Pack v. State

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-03-530-CR

BOBBY WAYNE PACK APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 4 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Bobby Wayne Pack appeals from his conviction for capital murder.  In a single issue on appeal, appellant complains that the trial court abused its discretion
(footnote: 2) by admitting the 9-1-1 tape reporting the murder into evidence because the tape was hearsay.  We will affirm.

A statement describing an event made while the declarant was perceiving the event or immediately thereafter is not excluded under the hearsay rule.  
See
 
Tex. R. Evid.
 803(1) (present sense impression).  Joe Maldonado, the witness who reported the murder, testified that he saw appellant come out of the victim’s apartment carrying what looked like a body wrapped in a sheet with a telephone cord around it.  Maldonado “froze” and could not move because he had never seen anything like that in his life and did not know what to do.  After Maldonado saw appellant throw the body into the victim’s truck and peel out of the parking lot, Maldonado was able to move, and he called 9-1-1.  Thus, Maldonado’s report of the murder on the 9-1-1 tape was made immediately after he perceived the event, and the trial court did not abuse its discretion by admitting the tape under the present sense impression exception to the hearsay rule.  
See id.; Kubin v. State,
 868 S.W.2d 394, 396-97 (Tex. App.—Houston [1st Dist.] 1993, pet. ref’d); 
see also Romero v. State,
 800 S.W.2d 539, 543 (Tex. Crim. App. 1990) (holding that trial court’s ruling will be upheld if it is correct on any theory of law applicable to case)
.  We overrule appellant’s point and affirm the trial court’s judgment.

PER CURIAM

PANEL F: CAYCE, C.J.; GARDNER and WALKER, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED: December 9, 2004

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
See Coffin v. State,
 885 S.W.2d 140, 149 (Tex. Crim. App. 1994)
.