IN THE COURT OF CRIMINAL APPEALS

OF TEXAS

 




NOS. WR-63,342-01 and


WR-63,342-02





EX PARTE JOHNNY JONES, Applicant









ON APPLICATIONS FOR WRITS OF HABEAS CORPUS 

CAUSE NUMBERS W03-00919-N(A) and W03-00920-N(A)

IN THE 195TH DISTRICT COURT DALLAS COUNTY 



 


 Per curiam. 

O R D E R


 These are applications for writs of habeas corpus that were transmitted to this Court
by the clerk of the trial court pursuant to the provisions of Article 11.07, Section 3, of the
Texas Code of Criminal Procedure. Ex Parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App.
1967). On May 21, 2003, a jury convicted Applicant of aggravated assault and aggravated
sexual assault and assessed punishment at life in prison on each charge. The convictions
were upheld on direct appeal in an unpublished opinion. Jones v. State, No. 05-03-00772-CR
(Tex. App.--Dallas 2004, no pet.)

 In this application for a writ of habeas corpus, Applicant argues, inter alia, that his
counsel provided ineffective assistance. Specifically, Applicant contends that his trial
counsel was ineffective because he failed to object to the introduction of hearsay testimony
admitted at trial. The trial court has entered findings of fact and conclusions of law, but it
is this Court's opinion that more information is needed before this Court can render a
decision on this claim, including an affidavit from Applicant's trial counsel that addresses
Applicant's ineffective assistance of counsel claims and information concerning the amount
of time that elapsed between the assaults and the victim's statements to the police and the
physician and whether the victim was still in a state of excitement when she made the
statements to the police and the physician.

 Because this Court cannot hear evidence, Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum. The trial court shall resolve
these issues as set out in Article 11.07, Section 3(d), of the Texas Code of Criminal
Procedure. In addition to ordering an affidavit from trial counsel, the trial court may order
additional affidavits, depositions, interrogatories, or hold a hearing. In the appropriate case,
the trial court may also rely on its personal recollection.

 If the trial court elects to hold a hearing, the court shall first decide whether Applicant
is indigent. If the trial court finds that Applicant is indigent, and Applicant desires to be
represented by counsel, the trial court will then, pursuant to the provisions of Article 26.04
of the Texas Code of Criminal Procedure, appoint an attorney to represent him at the hearing. 
 Following the receipt of additional information, the trial court shall determine whether
the statements made by the victim to the police and the physician fall withing one of the
exceptions to hearsay and whether applicant was denied the effective assistance of counsel. 
See Tex. R. Evid. 802, 803; Kubin v. State, 868 S.W.2d 394, 396-97 (Tex. App.--Houston
[1st Dist.] 1993, pet. ref'd); Beauchamp v. State, 870 S.W.2d 649, 653 (Tex. App.--El Paso
1994, pet. ref'd); Snellen v. State, 923 S.W.2d 238, 243 (Tex. App.--Texarkana 1996, pet.
ref'd); and Molina v. State, 971 S.W.2d 676, 683-84 (Tex. App.--Houston [14th Dist.] 1998,
pet. ref'd). The trial court shall also make any further findings of fact and conclusions of law
that it deems relevant and appropriate to the disposition of Applicant's application for habeas
corpus relief. 

 Further, because this Court does not hear evidence, Ex parte Rodriguez, 334 S.W.2d
at 294, these applications for post-conviction writs of habeas corpus will be held in abeyance
pending the trial court's compliance with this order. Resolution of the issues shall be
accomplished by the trial court within 90 days of the date of this order. (1) A supplemental
transcript containing all affidavits and interrogatories or the transcription of the court
reporter's notes from any hearing or deposition along with the trial court's supplemental
findings of fact and conclusions of law, shall be returned to this Court within 120 days of the
date of this order. (2)




DELIVERED: January 18, 2006

DO NOT PUBLISH
1. [1] In the event any continuances are granted, copies of the order granting the
continuance should be provided to this Court.
2. [2] Any extensions of this time period should be obtained from this Court.